# IN THE COURT OF APPEALS OF IOWA

No. 15-1221
Filed April 6, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WILLIS CHRISTOPHER DAVIS JR.,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

A defendant appeals the sentence imposed following his plea of guilty to domestic abuse assault causing injury—second offense. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan N. Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

Willis Davis Jr. assaulted his live-in girlfriend as she struggled to leave during an argument in May 2015. A neighbor called the police. When arrested, Davis told the police he was "just wrestling around" with his girlfriend. The State originally charged Davis with domestic abuse assault causing injury—third offense. After plea negotiations, Davis accepted the State's offer to plead guilty to the amended charge of domestic abuse assault causing injury—second offense. In June 2015 the court sentenced Davis to an indeterminate two-year term of incarceration and ordered him to complete a domestic abuse education program. Davis appeals his sentence.

At the sentencing hearing, the prosecutor argued for incarceration, detailing Davis's "extensive criminal history." The prosecutor also discussed Davis's probation history, asserting: "The fact [Davis] is here before the Court again in a relatively short time after having been convicted of those offenses and having been placed on probation makes the statement that he has not been rehabilitated." Finally, the prosecutor argued the nature of Davis's offense justified incarceration—he "bit the victim on her chest, leaving injury. He also kicked her in the buttocks as she was attempting to get away from him. The fact that this is his fifth domestic violence conviction . . . justifies incarceration."

Defense counsel admitted Davis had a "considerable" criminal history but urged the court to sentence him to supervised probation because he had successfully completed his past probations. Defense counsel also emphasized Davis's stable work history and his family obligations, contending those factors would encourage Davis to complete probation. Davis told the court he was sorry

for his actions and sought another chance so he could take care of his children.

In sentencing Davis to prison, the court provided a detailed explanation of its reasons. The court first discussed Davis's age, family obligations, and employment history:

> The court has before it today a man approximately forty-eight years of age. He has pled guilty to a charge of aggravated domestic assault. The court is informed that [Davis] has some minor children. He has some child-support obligations. He indicates that he's been employed gainfully for significant periods of time in the past . . . . [While Davis] indicated he was not employed [during his initial appearance,] he does indicate that he has a current employment prospect at this time.

The sentencing court then turned to Davis's prior record:

> [Davis] does have a significant prior criminal history. This conviction for aggravated domestic assault would represent the fifth conviction for domestic assault on [his] record. In addition, his record also includes other assaults and first-degree robbery, possession of a controlled substance, and some other thefts and operating while intoxicated offenses.
>
> The court has received some information, confirmed it through review of the criminal history, to the effect that Mr. Davis has been placed on probation at least three times in the past. He reports that he has not had probation revoked, and the criminal history would seem to affirm that.
>
> The concern that the court has, though, is that despite the fact that [Davis] has been successful on probation in the past, that form of community supervision has evidently not sufficed to change [his] criminal thinking and criminal actions. And in spite of those past efforts at rehabilitation, [Davis] continues to commit crimes of a violent nature.

Finally, the court synthesized those circumstances in reaching its decision to order incarceration:

> And the court, in imposing this sentence, considers all of that background information and also considers the facts and circumstances surrounding this particular event, and specifically considers the harm to [his girlfriend] in this case. And [Davis's] apparent need for rehabilitation and also [the court] has a concern for the general protection of the community.

> . . . [T]he Court determines, . . . given the fact that this is the fifth domestic assault conviction on [his] record, that community supervision at this point is ineffectual and would not serve any useful purpose, and that it is not appropriate in this case.

Davis raises a single claim on appeal, challenging the court's written sentencing order, which stated: "The reasons for this sentence include the following: [Davis's] age; prior criminal history; attitude toward rehabilitation; facts and circumstances of this case; family and employment circumstances; need for protection of the community and deterrent impact upon Defendant and others similarly situated." Davis argues the court's written order constituted an abuse of discretion because the court "seemingly used" the factors of "family and employment circumstances" as a justification for a harsh sentence instead of recognizing those factors as mitigating against a prison term. He seeks resentencing before a different judge.

We review Davis's challenge to his sentence for an abuse of discretion; any abuse of discretion necessarily results in legal error. *See State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006). "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). A sentencing court must examine "all pertinent information" and then determine an authorized sentence providing the "maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5 (2015). Before suspending sentence, the court must consider the defendant's prior record of convictions or deferred judgments, employment

status, family circumstances, and any other relevant factors. *Formaro*, 638 N.W.2d at 725.

The district court imposed a sentence within the statutory limit. Thus, the court's sentence is "cloaked with a strong presumption in its favor." *Id.* at 724. We view the court's written order as merely setting out the factors the court considered in reaching its sentence. No language in the written statement supports Davis's claim the court viewed his "family and employment circumstances" as an aggravating factor. Instead, the court's written pronouncement is consistent with its oral recognition of the same factors and its assurance at the hearing that "the court, in imposing this sentence, considers all of that background information."

Even if we assume, without deciding, some conflict exists between the court's written order and its detailed oral pronouncement of sentence, the court's oral pronouncement controls. *See State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995) (ruling new sentencing hearing unnecessary; "a proper sentence had been orally pronounced on the record"). The court clearly stated its rationale at the hearing and was rightfully concerned Davis had not been rehabilitated by past probationary stints. The court crafted the sentence to ensure Davis addressed the underlying causes of his domestic violence, while protecting the public from his continued criminal activity. The sentence is not clearly unreasonable or based upon untenable grounds. *See Formaro*, 638 N.W.2d at 725 (stating a court's "task on appeal is not to second guess the decision made by the district court"). Finding no abuse of discretion, we affirm the sentence.

**AFFIRMED.**