# IN THE COURT OF APPEALS OF IOWA

No. 17-0451
Filed February 21, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**HECTOR JOSE TEJEDA, JR,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, David May, Judge.


A defendant appeals his conviction asserting his attorney provided ineffective assistance and the court erred in assessing him restitution and court costs related to a dismissed count. **AFFIRMED AND REMANDED.**


Agnes G. Warutere of Warutere Law Firm, P.L.L.C., Clive, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


Considered by Doyle, P.J., McDonald, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**SCOTT, Senior Judge.**

Hector Tejeda Jr. appeals following his conviction for possession of a controlled substance—methamphetamine—with the intent to deliver, in violation of Iowa Code section 124.401(1)(b)(7) (2016), a class "B" felony. He asserts his counsel provided ineffective assistance by permitting him to plead guilty to the offense when the record lacks a factual basis to support the guilty plea. He also claims counsel was ineffective in pressuring or coercing him to plead guilty and in failing to subpoena a witness for trial. Finally, he asserts the court erred in assessing him restitution and court costs connected to the dismissed drug-tax-stamp count.

**I. Ineffective Assistance.**

To prove counsel provided ineffective assistance, Tejeda must prove counsel failed to perform an essential duty and he suffered prejudice as a result. *See State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010). Both elements must be proved by a preponderance of the evidence. *See id.* Ineffective-assistance claims are usually preserved for postconviction-relief proceedings because the record on direct appeal is rarely adequate to address such claims. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). However, an ineffective-assistance challenge based on counsel's failure to ensure the record has a factual basis to support a guilty plea is typically resolved on direct appeal because "[i]f a factual basis existed, counsel was not ineffective for failing to file a motion in arrest of judgment; if a factual basis does not exist, then counsel was ineffective." *State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996). Prejudice is presumed if a factual basis does not exist in the record. *Ortiz*, 789 N.W.2d at 764–65.

**A. Factual Basis.** Tejeda asserts there is an insufficient factual basis to support the conclusion he intended to deliver the methamphetamine in his possession. He notes the transcript of the guilty plea hearing shows the following:

> THE COURT: And you intended to deliver [the methamphetamine] to another person?"
> THE DEFENDANT: So they say. Yes. Yes.

He asserts this "hesitation" results in a lack of a factual basis. He also claims the court failed to indicate it was relying on the minutes of evidence to provide a factual basis.

We note the transcript of the guilty plea hearing goes on after the excerpt cited by Tejeda:

> THE COURT: Well, there are—one or two things is true: either you intended to share or sell it to another, or you didn't. So did you intend to share or sell it with another person?
> THE DEFENDANT: Yes.

Whatever hesitation Tejeda reads into the transcript from his answer to the court's first question regarding his intent is cleared up in the subsequent exchange. In addition, the factual basis inquiry is an objective inquiry of the entire record before the plea court, and the court's failure to state its consideration of the minutes of evidence is of no consequence. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013) ("The failure of the district court in this case to explain on the record the evidence supporting his finding of a factual basis is thus an omission unrelated to the substantive claim being made."). Upon our review of the guilty plea transcript and the minutes of evidence, we conclude there is a factual basis to support the guilty plea, and thus, counsel's failure to challenge the factual basis through a motion in arrest of judgment does not amount to ineffective assistance.

**B. Coercion.** Next, Tejeda claims counsel was ineffective by coercing or pressuring him to plead guilty. He cites three factors that he says "lean" towards finding he was pressured to plead guilty: (1) his hesitation to say he intended to deliver the methamphetamine, (2) his inability to post bond and his request for immediate sentencing upon his plea of guilty, and (3) the fact his guilty plea was entered on the Friday before his jury trial was set to begin. However, he concedes the trial record alone may not be sufficient to resolve this claim on direct appeal, and he asks that we preserve for postconviction-relief proceedings. We agree the record is insufficient to address this claim, and it is preserved for possible postconviction relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

**C. Witness.** Tejeda also claims counsel was ineffective in failing to subpoena for trial a witness Tejeda thought would provide favorable testimony. Tejeda fails to indicate in his brief what witness counsel failed to subpoena or what testimony that witness might provide. He only notes "the trial record alone may be insufficient to resolve this claim on direct appeal," and he asks that the claim be preserved. Where the record is insufficient to resolve an ineffective assistance claim on direct appeal, we "must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim." *Id.* This claim is likewise preserved.

**II. Sentencing.**

Finally, Tejeda asserts this case must be remanded because in the written sentencing order he was assessed court costs and restitution related to the drug tax stamp charge that was dismissed.

At sentencing, the district court addressed Tejeda's responsibility for restitution and court costs, saying, "Court concludes Defendant has no reasonable ability to pay restitution or his fees and costs and will enter 'zero' in that portion of the order." However, the written sentencing order provided: "Pursuant to the plea agreement, Defendant is ordered to: (1) pay restitution if restitution is due on any of the dismissed counts/cases; and (2) pay court costs on any dismissed counts/cases."[1]

"[W]here there is a discrepancy between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement of sentence controls."  *State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995) (citation omitted).

> [W]hen a judgment entry incorrectly differs from the oral rendition of the judgment merely as a result of clerical error, the trial court holds the inherent power to correct the judgment entry so that it will reflect the actual pronouncement of the court.  The district court may correct a clerical error in a judgment entry through issuance of a nunc pro tunc order.

*Id.* at 527 (citations omitted).

Because we conclude the provision regarding restitution and court costs in the written sentencing order was the result of a clerical error, we remand this case

---

[1] The plea agreement articulated on the record did not contain a statement that Tejeda would be responsible for court costs or restitution related to the dismissed count.

for the entry of a nunc pro tunc order so that the written sentencing order conforms with the court's oral pronouncement at sentencing.

## III. Conclusion.

We affirm Tejeda's conviction as we find a factual basis to support his guilty plea, but we remand this case for the entry of a nunc pro tunc order correcting the sentencing order. Tejeda's remaining ineffective-assistance claims are preserved for postconviction-relief proceedings.

**AFFIRMED AND REMANDED.**