# IN THE COURT OF APPEALS OF IOWA

No. 17-1847
Filed March 4, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DONOVAN MICHAEL LEE HELMS HOUGHMASTER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Union County, Patrick W. Greenwood, Judge.

Donovan Houghmaster appeals following his guilty pleas to theft of a motor vehicle, criminal mischief in the second degree, and lascivious acts with a child. **AFFIRMED AND REMANDED.**

Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, Judge.**

The proceedings underlying this appeal began with two separate criminal cases. In the first, Donovan Houghmaster pled guilty to theft of a motor vehicle and second-degree criminal mischief. The district court granted deferred judgments on both counts and placed Houghmaster on probation. In the second, the State charged Houghmaster with two counts of second-degree sexual abuse. Houghmaster pled guilty to one count of lascivious acts with a child. Because the second case arose while Houghmaster was on probation in the first, the judicial district department of correctional services filed a report of a probation violation.

The district court scheduled a combined probation revocation and sentencing hearing. At the outset, Houghmaster agreed his plea to lascivious acts with a child in the second case "would constitute a violation of the probation contract" in the first case. He further agreed the court had "authority to enter judgment on [the] two prior charges" in the first case.

The district court found Houghmaster "in violation of the terms and conditions of his probation," revoked his deferred judgments, and entered judgment of conviction for theft and second-degree criminal mischief. After considering a presentence investigation (PSI) report which made reference to certain risk assessment tools, the court sentenced Houghmaster to two prison terms not exceeding five years each on the theft and criminal mischief counts, to be served concurrently. The court also entered judgment of conviction on the plea of lascivious acts with a child and sentenced Houghmaster to a prison term not exceeding ten years, to be served concurrently with the prison terms in the first case.

On appeal, Houghmaster contends the district court: (1) should not have relied on the risk assessment tools referenced in the PSI report; (2) improperly relied on the sentencing recommendation in the PSI report; (3) entered conflicting orders on reimbursement of attorney fees; and (4) erred in ordering him to make restitution of "all counseling required for the victim" rather than counseling associated with the crime.[1]

## I.    Challenge to Use of Risk Assessment Tools

Houghmaster raises a four-pronged challenge to the district court's consideration of risk assessment tools.  First, he maintains his due process rights were violated.  Second, he contends the district court abused its discretion in using the tools because they lacked a statutory basis.  Third, he asserts the court did not have a sufficient understanding of their purposes and limitations.  Finally, he raises the claim under an ineffective-assistance-of-counsel rubric.

The supreme court addressed Houghmaster's first and fourth issues in *State v. Guise*, 921 N.W.2d 26, 29 (Iowa 2018), and *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018), filed after the briefs were submitted.  The court held a defendant cannot "raise this due process argument for the first time on appeal when the defendant did not bring the issue to the district court at the time of sentencing."  *Guise*, 921 N.W.2d at 29; *Gordon*, 921 N.W.2d at 24.  The court further concluded a court cannot "address this due process issue under the rubric

---

[1] The appeal was held in abeyance pending a decision on whether recent legislation limiting direct appeals from guilty pleas and prohibiting resolution of ineffective-assistance-of-counsel claims on direct appeal applied retroactively. The supreme court concluded the statutory changes did not apply retroactively. *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019).

of ineffective assistance of counsel because the record is insufficient to reach this claim." *Id.* Houghmaster did not object to the PSI report or otherwise preserve error on his due process challenge to the use of risk assessment tools. Accordingly, we cannot consider the merits of the issue, either directly or under an ineffective-assistance-of-counsel rubric.

The supreme court addressed the second prong of Houghmaster's challenge to use of the risk assessment tools in *State v. Headley*, 926 N.W.2d 545, 550 (Iowa 2019), also filed after briefing in this case.[2]  The court concluded the tools were statutorily authorized as "pertinent information" to sentencing under Iowa Code section 901.5 (2017) and, accordingly, "the district court did not abuse its discretion in considering the risk assessment tools on their face as contained within the PSI." *Id.* at 551. *Headley* resolves the statutory-authorization question.

Next, the court considered whether use of the tools was inconsistent with its limitations. *Id.*  The court concluded:

> There are two problems with this argument.  First, a court needs further evidence to determine the cautions and limitations of the tools.  Second, we held in *State v. Guise,* this argument "is in essence a due process argument."  Headley failed to object to the tools on these grounds.  Accordingly, we cannot reach the merits of this argument on direct appeal.  Therefore, Headley may raise this issue in a postconviction-relief action if he so desires.

*Id.* (citations omitted).  The same holds true here.

---

[2] The court addressed the issue notwithstanding the defendant's failure to object. *Headley*, 926 N.W.2d at 550.  The court stated, "Because there is no record before us on the risk assessment tools themselves, we will only consider whether the legislature authorizes a court to use risk assessment tools at sentencing without examining the validity of the risk assessment tools." *Id.*

In sum, Houghmaster's four challenges to the risk assessment tools have been resolved against him in recent opinions.

## II.      *Sentencing Recommendation*

Houghmaster contends the district court "considered an improper factor when it relied on the recommendation in the PSI [report] to determine the appropriate sentence for [him]." He also asserts that, if the issue is not preserved, counsel was ineffective in failing to raise it. Although Houghmaster did not object to the court's reliance on the sentencing recommendation at the time of sentencing, we may consider the issue on direct appeal. *See id.* at 552.

In *Headley*, the court held "any sentencing recommendations contained in the PSI are not binding on the court. Therefore, the court did not abuse its discretion when it considered the department of correctional services' sentencing recommendation." *Id.* (citation omitted); *accord State v. Grandberry*, 619 N.W.2d 399, 402 (Iowa 2000) ("In determining a defendant's sentence, a district court is free to consider portions of a presentence investigation report that are not challenged by the defendant."). In light of *Headley*, we conclude the district court did not consider an impermissible factor in relying on the recommendation in the PSI report.

## III.     *Attorney Fees*

The district court orally found Houghmaster did not have a reasonable ability to pay attorney fees. However, the court's written sentencing orders required him to make restitution for court-appointed attorney fees. Houghmaster asserts the inconsistency must be corrected.

The State concedes "the written sentence in [the case involving the theft and criminal mischief pleas] contradicts the oral pronouncement of sentence." *See State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995) ("[W]here there is a discrepancy between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement of sentence controls." (citation omitted)). The State further agrees we "should remand for the entry of an order nunc pro tunc removing the inconsistent language." Specifically, the State concedes "the four written sentencing orders should be modified to remove the assessment of attorney's fees." *See id.* at 527 ("[T]he trial court holds the inherent power to correct the judgment entry so that it will reflect the actual pronouncement of the court").

## IV. Victim Counseling Costs

Houghmaster was ordered to make victim restitution. *See* Iowa Code § 910.2(1)(a); *State v. Gross*, 935 N.W.2d 695, 701 (Iowa 2019) ("The first category [of restitution], consisting of victim restitution and statutory fines, penalties, and surcharges, must be ordered "regardless of the offender's reasonable ability to pay." (*citing State v. Albright*, 925 N.W.2d 144, 159 (Iowa 2019))). At issue here is the following language: "IT IS FURTHER ORDERED that the Defendant shall pay for all counseling required for the victim."

Houghmaster does not challenge "his restitution obligation to the extent the victim's counseling is limited to counseling needed as a result of his actions." He argues, "because the court's order is so broadly worded, the court has exceeded its authority in ordering [him] to pay 'all counseling' required by the victim." The State counters that the restitution for counseling ordered in this case is "statutorily

constrained to those costs with a nexus to the crime, and thus need not be limited through additional language." We agree. *See* Iowa Code § 910.1(3) ("'[P]ecuniary damages' includes damages for . . . expenses incurred for psychiatric or psychological services or counseling or other counseling for the victim *which became necessary as a direct result of the criminal activity.*" (emphasis added)), (4) (defining "'Restitution" as "payment of pecuniary damages to a victim in an amount and in the manner provided by the offender's plan of restitution")). As the State points out, Houghmaster may request a hearing if he believes the counseling expenses exceed those associated with the crimes. *See id.* § 910.7.

We affirm the district court's sentencing order. We "remand for the court to correct the [attorney fee] error by issuance of an order nunc pro tunc." *Hess*, 533 N.W.2d at 526.

**AFFIRMED AND REMANDED.**