# IN THE COURT OF APPEALS OF IOWA

No. 19-0592
Filed May 13, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SEAN CURTIS SINCLAIR,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

A defendant appeals his convictions for operating a motor vehicle without the owner's consent and second-degree theft. **AFFIRMED.**

Leslie G. Peters of East Street Law Firm, PLLC, Shelby, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**SCHUMACHER, Judge.**

Sean Sinclair appeals his convictions for operating a motor vehicle without the owner's consent and second-degree theft. Sinclair has not shown the district court incorrectly believed he committed these offenses while on probation. We conclude the district court did not abuse its discretion in denying Sinclair's request to be placed on probation for the present offenses. We affirm Sinclair's convictions and sentences.

## I. Background Facts & Proceedings

According to the minutes of testimony, in June 2018, Sinclair was operating a 1999 Chevrolet Malibu without the permission of the owner and after the owner reported the car was stolen. For this conduct, Sinclair was charged with theft in the second degree in FECR317744. On August 29, 2018, Sinclair took a 2017 Kia Optima from Billion GMC Buick in Urbandale. Sinclair was then charged in FECR320143 with theft in the first degree.

Sinclair entered into a plea agreement on the two charges. On October 31, in FECR317744, he pled guilty to operating a motor vehicle without the owner's consent, in violation of Iowa Code section 714.7 (2018). In FECR320143, Sinclair pled guilty to second-degree theft, in violation of section 714.2(2). The plea agreement provided, "Barring any new criminal activity or violation of this order, at sentencing the parties will recommend" Sinclair be given suspended sentences and placed on probation. The agreement also stated, "On any new criminal charge or violation of this order, established by a preponderance of the evidence, the State is not bound by this agreement."

While the present charges were pending, Sinclair was charged with domestic abuse assault on August 30 in AGCR319749. Additionally, in SRCR320144, Sinclair was charged with harassment and false imprisonment. On October 31, he pled guilty to assault causing injury, harassment, and false imprisonment. He was sentenced immediately on these charges, received suspended sentences, and was placed on probation. The State filed an application to revoke Sinclair's probation on January 4, 2019. On January 7 or 8, 2019, Sinclair received new charges for malicious prosecution, SRCR323821, and possession of drug paraphernalia, SMAC379835. The State filed an amended application to revoke probation due to the new charges.

The sentencing hearing on the charges of operating a motor vehicle without the owner's consent and second-degree theft was held on March 18, 2019. The State asserted it was no longer bound by the plea agreement because Sinclair had received new charges in SRCR323821 and SMAC379835. A hearing on the probation violation matters in AGCR319749 and SRCR320144 was also held on March 18, 2019. The State recommended a sentence of two years on the charge of operating a motor vehicle without the owner's consent and five years on the charge of second-degree theft, to be served consecutively for a total of seven years.[1]

Sinclair asked to be placed on probation. He offered the testimony of Frank Ede of the Hope Ministries Journey of Hope program. Ede testified Sinclair was a

---

[1] The State also recommended the sentences in these two cases be made consecutive to Sinclair's sentences in AGCR319749 and SRCR32014 if his probation was revoked.

great candidate for the program, which provided men with opportunities to overcome an addictive lifestyle and succeed in the community.

The court sentenced Sinclair to a term of imprisonment not to exceed five years on the charge of second-degree theft and two years on the charge of operating a motor vehicle without the owner's consent, to be served consecutively. The sentences were also made consecutive to Sinclair's sentence in the probation-revocation matter. The court made the sentences consecutive "because of the separate and serious nature of each of those offenses." The court also stated the new charges were committed while Sinclair was on probation. The court stated probation would not be appropriate because of Sinclair's criminal history. Sinclair now appeals his convictions and sentences.

## II. Standard of Review

We review a district court's sentencing decision for the correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* "An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999) (citation omitted).

## III. Sentencing

**A.** Sinclair challenges the sentencing order.[2] The written sentencing order for the charges of operating a motor vehicle without the owner's consent and

---

[2] The State claims recent legislation, section 814.6 (2020), precludes a defendant from appealing a guilty plea. The Iowa Supreme Court has determined section

second-degree theft has boxes checked indicating the sentences should be served consecutively based on "the separate and serious nature of the offenses" and "crime committed while defendant on parole/probation." Sinclair points out that he was not on probation when these offenses were committed. The offense of operating a motor vehicle without the owner's consent was committed in June 2018 and the offense of second-degree theft was committed in August 2018. Sinclair was placed on probation in the separate offenses of assault causing injury, harassment, and false imprisonment, AGCR319749 and SRCR320144, in October 2018.

The district court correctly stated at the sentencing hearing that Sinclair committed new offenses, malicious prosecution, SRCR323821, and possession of drug paraphernalia, SMAC379835, while he was on probation on the charges of assault causing injury, harassment, and false imprisonment. The court stated, "The new charges, as I understand, were committed while you were on probation." Defense counsel agreed with this statement.

The court's statements at the sentencing hearing show one of the reasons for imposing consecutive sentences was Sinclair's commission of new offenses while on probation. In this light, we do not interpret the box checked on the written sentencing order to mean the court incorrectly believed Sinclair committed the offenses of operating a motor vehicle without the owner's consent and second-degree theft while on probation. It is clear from the transcript of the sentencing

---

814.6 "do[es] not apply to a direct appeal from a judgment and sentence entered before July 1, 2019." *State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019). We conclude the new legislation does not apply in this case.

hearing, which includes the colloquy with counsel, that the court was aware that the offenses of malicious prosecution and possession of drug paraphernalia were the new charges committed while Sinclair was on probation.[3] We conclude Sinclair is not entitled to resentencing on this ground.

**B.**    Sinclair contends the district court should have placed him on probation, rather than sending him to prison.  He asserts the court should have given more weight to the testimony of Ede that he would be a "great candidate" for the Journey of Hope program.  Ede stated he was aware of Sinclair's criminal history but believed Sinclair was willing to work with the program to improve his life.

The district court recognized the testimony of Ede.  The court recommended that Sinclair enter the Journey of Hope program when he was released from prison. The court stated that based on Sinclair's criminal history, probation would not be appropriate.  The court stated, "But I think at this point in time, based upon everything that I've reviewed, that incarceration is the appropriate sentence in this matter."

Sinclair had been placed on probation for the offenses of assault causing injury, harassment, and false imprisonment in October 2018, and his probation was revoked in March 2019 because he committed the offenses of malicious prosecution and possession of drug paraphernalia.  We conclude the district court did not abuse its discretion in denying Sinclair's request to be placed on probation

---

[3]  "A rule of nearly universal application is that where there is a discrepancy between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement of sentence controls."  *State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995) (citations and internal quotation marks omitted).

for the present offenses of operating a motor vehicle without the owner's consent and second-degree theft.

We affirm Sinclair's convictions and sentences.

**AFFIRMED.**