HARRIS, Judge.
Joseph Hambrick appeals his sentence for grand theft and violation of community-control.
In 1987 Hambrick was charged with grand theft and dealing in stolen property. He was convicted and sentenced to 2-½ years incarceration to be followed by 10 years probation. In 1988 he violated probation and was sentenced to 2 years community control to be followed by 13 years probation. This was an illegal sentence because the initial 2¾⅛ years incarceration together with the new probationary period of 13 years exceeded the maximum 15 years statutory period. This sentence was not appealed.
In 1989, Hambrick pled to a new grand theft charge and violation of community control in exchange for a cap of 2½ years on the new charge and 3¾⅛ years on the original offense. The court complied by sentencing Hambrick to 2¾⅛ years incarceration on the new charge, reinstating probation on the original offense, and correcting the previously entered illegal sentence by converting the 13 years probation to 10‘A years.[1]
The court indicated in the judgment that the new sentence would run consecutive to “any active sentence being served.” Ham-brick contends that this was contrary to his plea agreement if, in fact, his incarceration and present probation run consecutive. This interpretation is clearly contrary to the expressed intention of the judge at sentencing:
The probation has never stopped, the probation has never stopped. Its running right now and it will run while you’re in prison.
Since the oral pronouncement controls over any clerical errors found in the written judgment,[2] the pending sentence (original probation) runs concurrent with the new substantive sentence. The judgment should make this clear. Hambrick also contends that he did not contemplate reinstatement of probation when he agreed to a cap of 3V2 years on the original offense. Unfortunately for Hambrick, probation is within that cap.
Hambrick’s other contentions are without merit.
Sentence AFFIRMED, but REMANDED for clarification of judgment.
GOSHORN and DIAMANTIS, JJ., concur.

. Rule 3.800, Florida Rules of Criminal Procedure, permits correction of an illegal sentence at any time.

. Drumwright v. State, 572 So.2d 1029 (Fla. 5th DCA 1991).