STATE of Iowa, Appellee,

v.

**Kenneth J. HESS, Appellant.**

No. 94–1744.

Supreme Court of Iowa.

June 21, 1995.

■

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Julie H. Brown, Asst. Atty. Gen., Fred H. McCaw, County Atty., and Michael J. Whalen, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

SNELL, Justice.

This case involves a discrepancy between an oral sentencing pronouncement and a subsequent written judgment entry. The defendant argues that due to the error in the written judgment entry, his sentence is illegal, and we must remand to the district court for a new sentencing hearing. We hold that the record unambiguously demonstrates the error was merely clerical in nature. We therefore affirm and remand for the court to correct the error by issuance of an order nunc pro tunc.

I. Factual and Procedural Background

On October 21, 1992, the State filed a trial information which charged Kenneth J. Hess with two counts: (1) assault with intent to inflict serious injury, in violation of Iowa Code sections 708.2(1) and .2(2) (1991); and (2) assault causing injury, in violation of Iowa

Code sections 708.1(1) and .2(1). In June of 1994, Hess filed a written guilty plea and a waiver of his right to be present during the plea proceedings. In his written plea, Hess agreed to plead guilty to count two, assault causing injury, and a charge of failure to appear entered in another case. As part of the agreement, the State agreed to dismiss the first count and a charge pending in a different case.

In July of 1994, the district court held a hearing at which the court accepted Hess' plea of guilty to the assault causing injury count and the failure to appear charge. The court held a sentencing hearing in September of 1994 at which it sentenced Hess to 365 days in the Dubuque County jail, with all but ninety days suspended, and placed Hess on probation for two years. The court ordered that this sentence run concurrently with a thirty day sentence for the failure to appear charge.

Subsequent to the sentencing hearing, the court issued a sentencing order which entered judgment for count one and dismissed count two rather than entering judgment for count two and dismissing count one as provided by the plea agreement. Hess filed a pro se notice of appeal on October 31, 1994 seeking review of his sentence. On appeal, Hess argues the error entitles him to a new sentencing hearing. The State contends the error can be remedied by issuance of an order nunc pro tunc.

## II. Scope of Review

When a party asserts that an inconsistency exists between an oral sentence and a written judgment entry, we review the matter for correction of errors at law. Iowa R.App.P. 4; *see State v. Suchanek,* 326 N.W.2d 263, 265–66 (Iowa 1982); *see also Smith v. State,* 801 S.W.2d 629, 633 (Tex.Ct.App.1991).

## III. Guiding Legal Principles and Analysis

■ Iowa Code section 901.6 and Iowa Rule of Criminal Procedure 22(3)(d) provide that a court shall follow a two-step procedure in sentencing a criminal defendant. *Suchanek,* 326 N.W.2d at 265. First, the court orally enters a pronouncement of the sentence on the record in the presence of the defendant, giving the court's reasons for the sentence. Iowa R.Crim.P. 22(3)(d); *Suchanek,* 326 N.W.2d at 265. Second, the court files a written judgment entry. Iowa Code § 901.6; Iowa R.Crim.P. 22(3)(d); *Suchanek,* 326 N.W.2d at 265. The judgment entry in the judgment docket is proof that a judgment has been entered and is the enforceable judgment. *Suchanek,* 326 N.W.2d at 265. However, "the rule that there can be no judgment until it is entered in the proper record of the court has no reference to the effect to be given a nunc pro tunc entry." *State v. Harbour,* 240 Iowa 705, 711, 37 N.W.2d 290, 293–94 (1949); *Suchanek,* 326 N.W.2d at 266.

■ When a court imposes a sentence which statutory law does not permit, the sentence is illegal, and such a sentence is void and we will vacate it. *Suchanek,* 326 N.W.2d at 265. However, when a judgment entry incorrectly differs from the oral rendition of the judgment merely as a result of clerical error, the trial court holds the inherent power to correct the judgment entry so that it will reflect the actual pronouncement of the court. *Id.* at 265–66; *Harbour,* 240 Iowa at 710–12, 37 N.W.2d at 293–94. The district court may correct a clerical error in a judgment entry through issuance of a nunc pro tunc order. Iowa R.Crim.P. 22(3)(g); *Suchanek,* 326 N.W.2d at 265–66; *Harbour,* 240 Iowa at 711, 37 N.W.2d at 293.

■ An error is clerical in nature if it is not the product of judicial reasoning and determination. *Smith,* 801 S.W.2d at 632; *State v. Lorrah,* 761 P.2d 1388, 1389 (Utah 1988). When judicial intent is unclear, we will remand for an evidentiary hearing for a determination of the proper method of correcting the defective written sentence. *Suchanek,* 326 N.W.2d at 266. However, when the record unambiguously reflects that a clerical error has occurred, we will direct the district court to enter a nunc pro tunc order to correct the judgment entry. *See Clouse v. State,* 809 P.2d 791, 795 (Wyo.1991) (interpreting Wyoming rule of criminal procedure identical to Iowa Rule of Criminal Procedure 22(3)(g) to allow remand to trial court for

correction of written judgment/sentence to "accurately reflect what was unambiguously pronounced at the sentencing hearing"); *see also State v. Wallace,* 116 Idaho 930, 782 P.2d 53, 55 (Ct.App.1989); *State v. Brydon,* 454 A.2d 1385, 1388 (Me.1983); *Lorrah,* 761 P.2d at 1389.

We look to the record to "harmonize the intent of the court with the written judgment." *Lorrah,* 761 P.2d at 1389. A rule of nearly universal application is that "where there is a discrepancy between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement of sentence controls." *Brydon,* 454 A.2d at 1388; *see, e.g., United States v. Marquez,* 506 F.2d 620, 622 (2d Cir.1974); *United States v. Munoz–Dela Rosa,* 495 F.2d 253, 256 (9th Cir.1974); *Cuozzo v. United States,* 340 F.2d 303, 304 (5th Cir.1965); *State v. Hanson,* 138 Ariz. 296, 674 P.2d 850, 858–59 (Ct.App.1983); *Donald v. State,* 613 So.2d 935, 936 (Fla.Dist.Ct.App.1993); *Hambrick v. State,* 576 So.2d 397, 398 (Fla.Dist. Ct.App.1991); *Clarke v. State,* 453 So.2d 488, 489 (Fla.Dist.Ct.App.1984); *State v. Bradley,* 414 A.2d 1236, 1241 (Me.1980); *Sampson v. State,* 506 N.W.2d 722, 726–27 (N.D.1993); *State v. Cady,* 422 N.W.2d 828, 830 (S.D. 1988).

■ In the case at hand, the oral transcript of the sentencing hearing unambiguously demonstrates that the court sentenced Hess in accordance with his plea agreement. During the oral sentence pronouncement, the court noted that it had accepted a guilty plea from Hess "to the charge of Count II of the Trial Information 7529–92CA, Assault with Injury and Case No. 1553, the Failure to Appear Trial Information." The court then proceeded unambiguously to enter sentences for count two, assault with injury, and the failure to appear charge. The record contains no evidence whatsoever that it was the sentencing court's intention to enter a sentence contrary to the plea agreement and the record clearly supports a holding that the discrepancy between the oral pronouncement and written judgment entry resulted from clerical error, not judicial intention.

Hess asserts that *State v. Garrett,* 516 N.W.2d 892 (Iowa 1994), controls our disposi-

tion of this matter and requires that we must vacate the district court's first sentence and remand to the district court for a new sentencing hearing. In *Garrett,* the defendant was charged with criminal trespass, and the court properly submitted the elements of criminal trespass to the jury. *Id.* at 894. The jury returned a verdict against the defendant on this count, but the verdict form for this count was mistakenly labeled "criminal mischief." *Id.* Despite this error, the court entered a judgment of conviction and sentence for criminal trespass and simply ignored the error. *Id.* The defendant challenged the sentence as illegal on the ground that he was convicted of criminal mischief, although he was not charged with criminal mischief, and sentenced for criminal trespass, although he was not convicted of criminal trespass. *Id.*

This court held that the district court had the authority to ignore the clerical error, since the jury's intention to convict the defendant of criminal trespass was clear and unambiguous, but the court should have amended the verdict form before entering a sentence. *Id.* at 896. We therefore held that the proper remedy to correct the clerical error in the verdict form was to vacate the sentence on criminal trespass and remand to allow the district court to amend the verdict form to reflect the jury's actual intent and enter a new sentence on the amended verdict. *Id.*

*Garrett* is easily distinguishable from the case at hand and does not control our disposition in the present case. *Garrett* involved an error on a jury verdict form and a sentence entered after the error had been made. *Id.* at 894. By contrast, the case before us involves a judgment entered pursuant to a written plea of guilty which was accepted by the court and the unambiguous entrance of a sentence by the court for conviction pursuant to the written plea. The error in question occurred in a judgment entry, not a verdict form, and occurred after a proper judgment had been entered and a proper sentence had been orally pronounced on the record.

The case before us is far more similar to the situation we faced in *Suchanek.* In *Suchanek,* the defendant entered a negotiated

plea of guilty to a charge of false use of a financial instrument. *Suchanek,* 326 N.W.2d at 263–64. Pursuant to a plea bargain, the district court deferred judgment and placed the defendant on probation. *Id.* at 264. The defendant violated the terms of the probation and the defendant subsequently stipulated that he had violated the probation and entered into an agreement that the court would revoke the deferred sentence and impose a suspended sentence in its place. *Id.* The defendant agreed that the terms of the suspended sentence would be that he would be confined to a residential facility for six months and would thereafter be placed on probation. *Id.*

At a hearing regarding the probation violations, the court orally sentenced the defendant to "no more then ten years in the penitentiary," ruled that this sentence would be suspended for five years, and stated that, as a condition of probation, the defendant would spend the first six months in a residential facility. *Id.* However, when the court entered a written judgment order, the written sentence stated that the defendant was sentenced "to ten years in the penitentiary," and did not state "no more than ten years in the penitentiary" as had been orally pronounced and as the relevant statute required. *Id.*

In order to attempt to correct this discrepancy, the trial court set aside the sentence and set a new sentencing hearing. *Id.* The new sentence provided that the defendant be confined for a term of "not more than ten years," but did not contain a provision for suspension of the sentence and probation as the oral sentence had imposed and as agreed to by the defendant. *Id.* at 264–65. We held that if the discrepancy between the oral pronouncement and the initial written judgment was the result of a clerical error, the district court could properly correct the error by a nunc pro tunc order pursuant to Iowa Rule of Criminal Procedure 22(3)(g). *Suchanek,* 326 N.W.2d at 266; *see Harbour,* 240 Iowa at 711, 37 N.W.2d at 293. We further held that if the sentencing judge intentionally entered the written judgment contrary to the oral pronouncement, and if the sentence in the written judgment was illegal, the court must vacate the sentence and render a new sentence. *Suchanek,* 326 N.W.2d at 266. Since the intention of the original sentencing judge was unclear, we held that a hearing was required to determine the intent of the original sentencing judge, and that the sua sponte setting aside of the sentence by a different district court judge, without a hearing, was inappropriate. *Id.*

In the case before us, the record unambiguously demonstrates that a clerical error occurred in the court's entrance of the written judgment entry. The Supreme Court of Wyoming faced an identical situation in *Clouse,* 809 P.2d at 795. In *Clouse,* the district court orally pronounced a sentence of 10–25 years for one count of armed robbery but in its written judgment entry wrote "20–25 years." *Id.* The court noted that this was clearly a clerical error, and cited Wyoming Rule of Civil Procedure 37 which is identical to Iowa Rule of Criminal Procedure 22(3)(g). *Clouse,* 809 P.2d at 795; *compare* Wyo.R.Crim.P. 37 *with* Iowa R.Crim.P. 22(3)(g). Pursuant to this rule, the court remanded "for the district court to correct that portion of the sentence that contains the discrepancy between the oral pronouncement and the written judgment/sentence to accurately reflect what was unambiguously pronounced at the sentencing hearing." *Clouse,* 809 P.2d at 795.

We hold that in the case before us, the record unambiguously demonstrates that the error in question was not the result of judicial intention but was merely clerical in nature. Where such a clerical error is made in a written judgment entry following an accurate oral pronouncement of a sentence, we hold that the proper remedy is for the district court to correct the written judgment entry by issuing a nunc pro tunc order. A hearing is not necessary in this instance to determine the intention of the sentencing judge, and a new sentencing hearing is not necessary because the sentence was not illegal. We therefore affirm and remand to the district court so that it may issue a nunc pro tunc order to correct the clerical error in the written judgment entry.

**AFFIRMED AND REMANDED.**