# IN THE COURT OF APPEALS OF IOWA

No. 13-1959
Filed July 30, 2014

STATE OF IOWA,
        Plaintiff-Appellee,

vs.

BRADLEY ALLEN NEISEN,
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Todd A. Geer (plea) and Bradley J. Harris (sentencing), Judges.

Bradley Neisen appeals his sentence following his *Alford* plea to three counts of third-degree burglary. **AFFIRMED AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and James Katcher and Brook Jacobsen, Assistant County Attorneys, for appellee.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**DOYLE, J.**

Bradley Neisen appeals his sentence following his *Alford*[1] plea to three counts of third-degree burglary, in violation of Iowa Code sections 713.1 and .6A(1) (2013). He asserts his trial counsel rendered ineffective assistance in not objecting to the State's "breach" of the plea agreement. He also argues the court erred in imposing a fine and surcharge in his written sentence. We affirm his convictions, but we remand to the district court so that it may issue a nunc pro tunc order to correct the clerical error in the written judgment entry.

### I. Background Facts and Proceedings.

Pursuant to a plea agreement, Neisen entered *Alford* pleas to the charges listed above, and he participated in an oral colloquy with the court concerning the pleas. As part of the plea agreement, the State agreed to reduce one of the burglary counts to third-degree burglary, and it did not seek the habitual offender sentencing enhancement. *See* Iowa Code §§ 902.8, .9. Additionally, the State agreed "to make a recommendation for a five-year prison term on all three counts to each run concurrent to each other. [Neisen] will be free to argue for probation in the matter, and it will be up to the court to decide whether it would be a prison sentence or probation." Neisen affirmatively stated that was his understanding of the agreement.

In making its recommendation for imposition of prison time at Neisen's sentencing hearing, the prosecutor stated:

---

[1] An *Alford* plea allows a defendant to consent to the imposition of a prison sentence without admitting participation in the acts constituting the crime. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

The nature and basis for the State's agreement relies nearly entirely upon the fact that a co-defendant came in and in sworn testimony in a deposition changed his version. It was not the version that he had previously told law enforcement, and unfortunately, that limited the State under some circumstances. Nevertheless, [Neisen] did come in and enter *Alford* pleas to all three counts of burglary in the third degree pursuant to the perimeters of that agreement in which he is free to argue for a suspended sentence.

I don't know that I need to spend a whole lot of time talking about this particular issue. It is clear from Mr. Neisen's history that he is not and should not be receiving a suspended sentence. He is not amenable to probation. He has never been successful on probation. He has not been successful with drug rehabilitation or treatment. All that occurs when Mr. Neisen is out of custody is the commission of additional felonies.

Neisen's counsel did not object to the prosecutor's recommendation.

After the State's recommendation, the court asked if Neisen's parole had been revoked and if the court was bound by the plea agreement. The court was advised that parole had not been revoked and that the court was not bound by the agreement. Neisen's attorney then addressed the court, requesting "the court consider suspending the sentences in these matters and place Mr. Neisen in the work release facility." Neisen himself addressed the court and enumerated reasons for giving him another chance and placing him on probation.

Ultimately, the district court rejected Neisen's request, and it sentenced Neisen to a term not to exceed five years for each count to run concurrent with each other but consecutive to his existing twenty-five-year probation term. The court explained:

Mr. Neisen, I heard your statements just now. [I] agree that . . . you're not a bad person, but . . . you've made mistakes. You've done bad things, and you've hurt a lot of people. And . . . these offenses . . . , within a day or two of being released from prison you arranged for somebody else to go slit the tires of . . . your child's mother. That shows that you haven't learned

anything. You . . . still decided to take matters into your own hands. You still decided to be involved in criminal activity, and at some point you're going to have to learn, or you're going to end up being locked up the rest of your life. And that's the reason for the court's sentences in this matter.

Additionally, the court stated "[t]he [$750] fine and [35%] surcharge will be suspended." However, the court's written judgment and sentencing order imposed those costs.

Neisen now appeals.

## II.  Discussion.

### A.  Plea Agreement.

The State agreed to recommend five-year prison terms on each of the counts, to be served concurrent to one another, and concurrent to any term of imprisonment imposed following the presumed revocation of Neisen's parole. Neisen contends "[b]y advising the court that it was only due to the co-defendant changing his story that the State even agreed to a plea bargain, the State was undercutting its own recommendation and implying a harsher alternative was in order."  He argues the State breached the plea agreement in "blatantly undermin[ing]" its own recommendation for concurrent sentences "saying it was due to the co-defendant changing his story," and because his trial counsel did not object to the breach, his trial counsel was ineffective.  We review his claims de novo.  *See State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008).

In order to prove counsel was ineffective in failing to object to the State's alleged breach of the plea agreement, Neisen must prove counsel failed to perform and essential duty and he suffered prejudice as a result.  *State v. Horness*, 600 N.W.2d 294, 298 (Iowa 1999).  We will not fault counsel for failing

to object if in fact the prosecutor's statement does not breach the plea agreement. *Id.*

Our supreme court has determined that when the State assumes an obligation to make a certain sentencing recommendation as part of a plea agreement, "mere technical compliance is inadequate; the State must comply with the spirit of the agreement as well." *Id.* at 296. "A fundamental component of plea bargaining is the prosecutor's obligation to comply with a promise to make a sentencing recommendation by doing more than simply informing the court of the promise the State has made to the defendant with respect to sentencing. The State must actually fulfill the promise." *Bearse*, 748 N.W.2d at 215-16. Moreover, our supreme court, looking at the common definition of the word "recommend," has found that if the State has promised to "recommend" a particular sentence, the prosecutor must "present the recommended sentence with his or her approval, to commend the sentence to the court, and to otherwise indicate to the court that the recommended sentence is supported by the State and worthy of the court's acceptance." *Id.* at 216 (internal quotation marks and citation omitted). Because plea agreements are "essential to the efficient administration of justice," and because a plea agreement "requires a defendant to waive fundamental rights," "we are compelled to hold prosecutors and courts to the most meticulous standards of both promise and performance." *Id.* at 215.

The State asserts it did "vigorously advocate for the adoption of its recommendation" over that of Neisen's recommendation, and that it pointed out "the considerable concessions which had already been made. But that did not in any way breach the agreement." We agree there was no breach. The

circumstances before us are not like those in *Bearse* and *Horness*, where the court found the State breached the plea agreement by not recommending the agreed-upon sentences. *See Bearse*, 748 N.W.2d at 216 ("Not only did the State in this case mistakenly recommend incarceration at the outset, but it clearly suggested incarceration should be imposed by referring to the presentence investigation report (which recommended incarceration) and reminding the court that it was not bound by the plea agreement. The State clearly breached the plea agreement by suggesting more severe punishment than it was obligated to recommend."); *Horness*, 600 N.W.2d at 300 ("[T]he county attorney breached the plea agreement by failing to commend the recommended sentences to the court or otherwise inform the court that the State supported the suggested sentencing of the defendant. . . . The prosecutor also breached the plea agreement by informing the court of an 'alternative recommendation' and making statements implying that the alternative recommendation was more worthy of acceptance."). Here the State recommended the sentences it had agreed to. The State did not reach further and encourage the court to adopt a harsher sentence. We conclude the record evidences the State properly fulfilled its obligation to "recommend" the agreed upon sentences. Because there was no breach of the plea agreement, Neisen's attorney had no duty to object, and Neisen was not prejudiced by the lack of objection. *See Bearse*, 748 N.W.2d at 214-15 (setting forth the two elements of ineffective assistance and noting that "[i]f the State did not breach the plea agreement, defense counsel could not have been ineffective"). Consequently, Neisen's trial attorney was not ineffective in not objecting to the State's sentencing recommendation.

**B.  *Fine and Surcharge.***

Neisen also asserts the court erred in imposing a surcharge and fine in its written judgment and sentence when it stated during the sentencing hearing that it would suspend the fine and surcharge.  He argues we should remand to the district court for entry of a nunc pro tunc order correcting the error.  *See State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995) ("A rule of nearly universal application is that 'where there is a discrepancy between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement of sentence controls.'"); *see also* Iowa R. Crim. P. 2.23(3)(g).  The State agrees.  Accordingly, we remand to the district court so that it may issue a nunc pro tunc order to correct the clerical error in the written judgment entry.

**III.  *Conclusion.***

Having determined Neisen's trial counsel was not ineffective in not objecting to the State's sentencing recommendation, we affirm Neisen's convictions.  However, because the district court's written judgment entry contained a clerical error, we remand the case for issuance of a nunc pro tunc order.

**AFFIRMED.**