# IN THE COURT OF APPEALS OF IOWA

No. 15-1935
Filed August 17, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DANIEL VINCENT NEWELL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Martha L. Mertz, Judge.

Daniel Newell appeals the sentence pronounced following our remand for resentencing. **AFFIRMED AND REMANDED.**

Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

In 2014, Daniel Newell pled guilty to one count of lascivious acts with a child and one count of stalking a person under eighteen years of age. *See State v. Newell*, No. 14-1186, 2015 WL 4468856, at *1 (Iowa Ct. App. July 22, 2015). Newell appealed the convictions, arguing the district court abused its discretion in imposing its sentence and erred in its assessment of certain court costs to him. *See id.* Regarding the sentence, Newell argued the district court's statements in its order and on the record evidenced it misunderstood the sentencing options available to it, and consequently, its sentence was grounded in an untenable understanding of the law and was therefore an abuse of its discretion. *See id.* at *1-3. We agreed and vacated Newell's sentence, and we remanded the case back to the district court for Newell to be resentenced. *See id.* at *3.

Newell appeared for resentencing before the district court in November 2015. The court took judicial notice of the transcript of the prior sentencing hearing and the victim impact statement originally filed. After hearing testimony from Newell, his NA Sponsor, and his pastor, the court proceeded to sentencing. On the record, the court stated:

> Well, Mr. Newell, the court is required to consider the sentencing options available to it. So that the record is clear, the court is familiar with both the options of incarceration, probation, in all its forms, including deferred sentence and deferred judgment.
> You make a strong case, Mr. Newell, for rehabilitation, which is one of the factors the court must consider in determining your sentencing. You have done quite well at the institution, you have done the right things, and you've addressed the rehabilitation components, and I commend you for that.
> The other things that the court must take into consideration is the protection of the community from further offenses by you and others, and that's set by statute, but I think that's pretty much a correctional—or correctional experts. Let me put it that way.

> Based on the statements made here in open court, my review of the Presentence Investigation prepared at the time of your original sentencing, my review of the transcript at the time of your original sentencing, and the testimony that you have given, you've not made this an easy choice.
>
> However, it is the order and judgment of this court that the defendant be committed to the custody of the Iowa Department of Corrections for an indeterminate term not to exceed ten years.

Thereafter, the court filed its written order of judgment and sentence consistent with its oral pronouncement. However, the court's order—likely created from an electronic document template—also stated: "In determining the sentence to be imposed the court has considered that such sentence is consistent with the protection of the public, the gravity of the offense, the rehabilitative needs of the defendant, *and the sentence is mandated by the Iowa Code.*" (Emphasis added.) The order also required that Newell have no contact with his victim for five years, citing Iowa Code section 664A.5 (2013).

Newell now appeals that sentence, again asserting the district court abused its discretion because the court's sentence was not, in fact, mandated by law. He also argues the court imposed an illegal sentence when it entered a no-contact order for a period longer than statutorily authorized. He requests his sentence be vacated and his case remanded for re-resentencing.

The State responds that the statement in the written order that Newell complains of was clearly the result of a clerical error, as the court expressed at the resentencing hearing that it was aware that prison was *not* mandated. It asserts the proper course of action is to remand the case back to the district court for entry of a nunc pro tunc order. We agree.

"[W]hen a judgment entry incorrectly differs from the oral rendition of the judgment merely as a result of clerical error, the trial court holds the inherent power to correct the judgment entry so that it will reflect the actual pronouncement of the court." *State v. Hess*, 533 N.W.2d 525, 527 (Iowa 1995). In such instances, "the oral pronouncement of sentence controls." *Id*. at 528. Because the record demonstrates the discrepancies were the result of clerical error, we remand the case to the district court so that it may issue a nunc pro tunc order to correct the clerical error in the written order. *See id*. at 529.

As to Newell's claim the court imposed an illegal sentence concerning the no-contact order's duration, we agree with the State that the order does not expressly extend the no-contact order's duration beyond the statutorily authorized time. *See* Iowa Code § 664A.5 ("The court may enter a no-contact order or continue the no-contact order already in effect for a period of five years from the date the judgment is entered."). Nevertheless, because we are already remanding for issuance of a nunc pro tunc order, we direct the sentencing court to clarify in its order that the no-contact order's period of protection commences from the date judgment was entered. We affirm in all other respects.

**AFFIRMED AND REMANDED.**