# IN THE COURT OF APPEALS OF IOWA

No. 19-2110
Filed June 3, 2020

**IN THE INTEREST OF K.W.,**
**Minor Child,**

**J.W., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Romonda Belcher, District Associate Judge.

A father appeals the termination of his parental rights to his three-year-old daughter. **AFFIRMED IN PART AND REMANDED FOR ENTRY OF A NUNC PRO TUNC ORDER.**

Gabriel Brio Porter of Porter Law Firm of Iowa, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Kimberly Graham, Indianola, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

J.W., a father, appeals the district court's order terminating his parental rights to his daughter, K.W., born in 2016.[1]  Appellate review of termination proceedings is de novo.  *In re W.G.*, 349 N.W.2d 487, 491 (Iowa 1984).  We give weight to the findings of fact of the juvenile court, especially when considering the credibility of witnesses, but we are not bound by those determinations.  *Id.* at 491–92.  The primary concern in termination proceedings is the best interest of the child.  Iowa R. App. P. 6.904(3)(o); *In re Dameron*, 306 N.W.2d 743, 745 (Iowa 1981).

> We look to the child's long-range as well as immediate interests.  We consider what the future holds for the child if returned to his or her parents.  Insight for this determination can be gained from evidence of the parent's past performance, for that performance may be indicative of the quality of the future care the parent is capable of providing.  Our statutory termination provisions are preventative as well as remedial.  They are designed to prevent probable harm to a child.

*In re C.M.W.*, 503 N.W.2d 874, 875 (Iowa Ct. App. 1993) (quoting *In re R.M.*, 431 N.W.2d 196, 199 (Iowa Ct. App. 1988)).

J.W.'s rights were terminated pursuant to Iowa Code section 232.116(1)(h) (2019).[2]  J.W. does not contest that the statutory elements of section 232.116(1)(h) have been proved but rather argues that termination is not in the child's best interest under section 232.116(2), considerations in section 232.116(3) should prevent termination, and the juvenile court violated his due process rights as the

---

[1] The mother's rights were also terminated as to K.W; however, the mother does not appeal.

[2] A parent's rights can be terminated under this provision if the child is three or younger, adjudicated a child in need of assistance, removed from home for six of the last twelve months, and cannot be returned home at the time of the termination hearing.

termination order is dated prior to the date the termination hearing was held. Because the father does not contest the statutory elements of section 232.116(1), we affirm the district court's findings as to the ground supporting termination. We turn to the three issues raised by the father.

K.W. came to the attention of the Iowa Department of Human Services in August 2017 due to domestic violence between her parents. She was removed from parental custody at that time. K.W. tested positive for an illegal substance, marijuana, at the time of her birth in September 2016, but she was not removed from parental custody as a result of that positive drug test. K.W. was subsequently adjudicated as a child in need of assistance under Iowa Code section 232.96 in October 2017.

At the time of the dispositional hearing, the father was incarcerated for violation of a no-contact order concerning the mother and had pled guilty to a charge of arson, also involving the child's mother. He was released from custody in February 2018. K.W. was returned to her mother's custody in February 2018, and for a period, the parents appeared to making progress, so much to the extent that the district court scheduled a bridge order hearing for October 2018.[3] However, that hearing was cancelled, and by November 2018, K.W. was placed with her paternal grandfather pursuant to a safety plan due to a lack of housing for the mother, domestic violence, and mental-health concerns of the father, including suicidal ideation. K.W. was formally removed from parental custody for a second

---

[3] "The juvenile court may close a child in need of assistance case by transferring jurisdiction over the child's custody, physical care, and visitation to the district court through a bridge order," provided certain criteria are met. Iowa Code § 232.103A.

time by December 2018. She remained in the custody of her paternal grandfather and step-grandmother at the time of termination hearing.

The father's probation was revoked, and he was incarcerated within the Iowa Department of Correctional Services until September 2019. Following his release from prison, he acknowledged a relapse and contact with K.W.'s mother. His relapse occurred less than two months after he was released from prison. He continued to struggle with mental-health issues. In October 2019, he tore off his drug-testing patch, acknowledging that such would test positive. He indicated that contact with K.W.'s mother caused a relapse.

K.W. is reported to be thriving in her current placement. At the time of the termination hearing, her grandfather, the current placement, described K.W. as "sweet, funny, very stubborn . . . , and undoubtedly smarter than most children her age." K.W. has been out of parental custody for over six of the last twelve months. She has experienced substantial disruption to her life, having been removed from parental custody twice since her birth. Though provided appropriate time and opportunities to show progress, the father has been unable to progress beyond fully supervised visitation. He continues to struggle with the same issues that were present at the initial removal of K.W. We affirm the district court's finding that termination is in K.W.'s best interests. *See* Iowa Code § 232.116(2).

The father also asserts, pursuant to section 232.116(3), termination should not have occurred due to the closeness of the parent-child relationship and due to the child being placed with a relative. *See* Iowa Code § 232.116(3)(a), (c). The considerations found in section 232.116(3) are permissive, and "[t]he court has discretion, based on the unique circumstances of each case and the best interests

of the children, whether to apply the factors in this section to save the parent-child relationship." *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011); *see also In re C.L.H.*, 500 N.W.2d 449, 454 (Iowa Ct. App. 1993), *overruled on other grounds by In re P.L.*, 778 N.W.2d 33, 39- (Iowa 2010). We agree with the district court's decision not to apply either permissive factor that would weigh against termination under section 232.116(3).

In particular, we agree that placement with a relative, while beneficial for the father, should not prevent permanency for K.W. As we have noted repeatedly,

> Children require permanency. *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and "need for a permanent home"). They are not equipped with pause buttons. *See In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987) ("The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems."). Once the grounds for termination have been proved, time is of the essence. *See id.* at 614 ("It is unnecessary to take from the children's future any more than is demanded by statute.["").]

*In re B.R.*, No. 16-1820, 2016 WL 7395675, at *1 (Iowa Ct. App. Dec. 21, 2016). Further, based on our independent review of the exhibits, including the grandfather's correspondence admitted at the time of the termination hearing, it is likely that in spite of the termination, the father may continue to be a part of K.W.'s life to some extent, with K.W. being afforded the stability and protection of her grandparents.

Lastly, the father argues that the case should be remanded for a new hearing, as the order terminating his parental rights was dated before the close of the evidence and before the date of the termination hearing. The termination hearing was held on November 26, 2019. The district court filed its termination

order on December 4, 2019, which is verified by the EDMS file stamp date on the order. The date is incorrectly reflected as November 4 in the body of the order below the notice-of-appeal language: "So ordered this 4th day of November 2019."

Given the court's recitation of the hearing date as November 26, 2019, and the filing of the order on December 4, 2019, we find that the date included on the last page of the order is a scrivener's error. *See State v. Hess*, 533 N.W.2d 525, 527 (Iowa 1995) ("An error is clerical in nature if it is not the product of judicial reasoning and determination. . . . [W]hen the record unambiguously reflects that a clerical error has occurred, we will direct the district court to enter a nunc pro tunc order to correct the judgment entry." (citations omitted)); *see also State v. Scheckel*, No. 18-2203, 2020 WL 1542313, at *2 (Iowa Ct. App. Apr. 1, 2020). We therefore remand for the correction by the district court of such date with an order nunc pro tunc.

Accordingly, we affirm the district court's termination of the father's parental rights and remand for entry of a nunc pro tunc order consistent with this opinion.

**AFFIRMED IN PART AND REMANDED FOR ENTRY OF A NUNC PRO TUNC ORDER.**