# IN THE COURT OF APPEALS OF IOWA

No. 19-1583
Filed June 30, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ZACHARY ALAN BECKER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Jeffrey L. Harris, District Associate Judge.

After pleading guilty to operating while intoxicated, third or subsequent offense, and driving while barred, as an habitual offender, the defendant challenges his sentences on appeal. **AFFIRMED AND REMANDED FOR ENTRY OF A NUNC PRO TUNC ORDER.**

Thomas J. Viner of Viner Law Firm, PC, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., Ahlers, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**POTTERFIELD, Senior Judge.**

Zachary Becker pled guilty to operating while intoxicated (OWI), third or subsequent offense, and driving while barred as an habitual offender. In September 2019, he was sentenced to terms of incarceration not to exceed five years and two years, respectively. On appeal, Becker challenges his sentences, arguing the court failed to state adequate reasons on the record to support imposing them.

Because judgment was entered against Becker in September 2019, Iowa Code section 814.6(1)(a)(3) (Supp. 2019) controls his right to appeal. *See State v. Damme*, 944 N.W.2d 98, 103 n.1 (Iowa 2020) ("We iterate that date of the *judgment* being appealed controls the applicability of the amendment to section 814.6."). In other words, Becker needs "good cause" to appeal because he pled guilty to crimes that are not class "A" felonies. *See* Iowa Code § 814.6(1)(a)(3). And here, where he challenges his sentences, he has good cause. *See Damme*, 944 N.W.2d at 105 ("[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").

"Sentencing decisions of the district court are cloaked with a strong presumption in their favor." *State v. Majors*, 940 N.W.2d 372, 385–86 (Iowa 2020) (citation omitted). If, as here, the sentence imposed is within the statutory limits, we review for an abuse of discretion. *Id.* at 385. When considering a discretionary sentencing ruling, we note that we may find an abuse of discretion

> if a sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate facts but

nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case.

*Id.* (quoting *State v. Roby*, 897 N.W.2d 127, 138 (Iowa 2017)).

To begin, we note the discrepancy between the sentences the court orally stated it was imposing at the sentencing hearing and the sentencing order that was filed. In its oral pronouncement, the court ordered Becker to serve the indeterminate five-year sentence and the indeterminate two-year sentence consecutively, for a term not to exceed seven years. However, the written sentencing order states, "Counts 1 and 2 are to run concurrently with one another." When "there is a discrepancy between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement of sentence controls." *State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995). So we review Becker's challenge to his sentence with this in mind.

Becker claims the court failed to state adequate reasons on the record for the sentences imposed because it "did not fully address [his] age, education, employment, family situation, or other potentially mitigating factors." He also claims the court made no findings as to how the sentence was appropriate for him and how it would benefit or protect the community. We disagree. At the sentencing hearing, the State recommended that the court order Becker to serve the maximum sentences and to run the two sentences consecutively, noting the September 2018 incidents to which Becker pled guilty included him hitting a vehicle and then fleeing the scene. When officers apprehended him a short time later, Becker admitted he had consumed alcohol before driving and a cold, open beer was found in his vehicle. Becker denied his involvement in the hit and run, claiming damage to his

vehicle was the result of hitting a raccoon.  Meanwhile, the passenger in the vehicle he hit was taken to the hospital by ambulance.

Additionally, Becker was thirty years old at the time of the 2018 incident, and he already had four previous OWI convictions and two other driving-while-barred offenses.[1]  He also had a history of eluding—not including leaving the scene of the crime here.  And it was Becker's second time being part of an accident while driving intoxicated.  According to the presentence investigation (PSI) report, Becker continued to consume alcohol in the period after his arrest.  Becker "acknowledge[d] his alcohol problem and need for substance abuse treatment but did not seek treatment."  He did not have a substance-abuse evaluation scheduled until May 2019—about eight months after the incident.  The State argued Becker had not taken advantage of the resources the State had provided him in his other cases and was "continuing to put society in danger."  The PSI preparer recommended Becker be placed in the OWI Continuum, admitted to the Iowa Medical and Classification Center for sixty days, and then placed in a residential OWI program.  The preparer noted Becker was "resistant" to be placed in the program but "is willing to be placed in such in lieu of serving a 5-year prison term."  The State argued a more strict punishment was needed because Becker had already completed the program once, in 2013, and had several more convictions afterward.

---

[1] Becker had previous OWI convictions in 2008, 2009, 2012, and 2013.  He was also charged with OWI in 2007; he received a deferred judgment and successfully discharged his probation in that case.

The court listened to the detailed recommendations of the State and defense counsel. It also referenced the PSI report, which included statements about Becker's age, employment, education, family and housing situation, and more. The court also listened to Becker's statement, expressing that he was sober after getting treatment and he recognized he should have done it "long before any of this ever happened."

In sentencing Becker, the court stated:

Mr. Becker, there are a number of sentencing goals and objectives that the court must consider in reaching what it believes to be an appropriate sentence. One of the first sentencing goals and objectives is, of course, to punish you for the offense of operating while intoxicated third and driving while barred. As I just read into the record, you are certainly not a stranger to the offense of operating while intoxicated and driving while license barred.

Yet another sentencing goal is to rehabilitate you, if possible. I've certainly heard what you've presented and what your counsel has argued on your behalf. I believe part of what you say about how the recent treatment has assisted you. I'm confused as to why it's taken you so long to get to that point, why it's taken you five operating while intoxicated convictions and three previous driving while license barred convictions to get you to that point.

Yet another sentencing goal is to deter you and others similarly situated from committing this offense in the future, and then another sentencing goal and objective is to protect society.

The court has balanced the sentencing goals and objectives in light of your written plea of guilty and acceptance of responsibility, the arguments of counsel, the favorable and unfavorable matters submitted in the 14-page presentence investigation filed on May 23rd of 2019. The court has certainly considered your unsworn statement to the court, and the court has also considered the letters of support principally filed by Ms. Powell in Defendant Exhibit A and Ms. Mangrich in Defendant Exhibit B.

You have had a prior 321J placement. You need to understand that placement in the 321J program is not a revolving door. It is very difficult, if not impossible, for this court to go back in the sentencing continuum when you've already been placed in the 321J program. If you have not adjusted your behavior, stepped punishment should be imposed, which I am about to do.

The court has afforded some weight to the victim impact statement filed in this matter. The court finds that the victim

encountered considerable difficulties obtaining a ride to work and getting her child to school because of damages you caused to her vehicle. Either you were lying or you were quite inebriated at the time you talked to the . . . police official and asked you what had happened and whether or not you had been involved in a motor vehicle accident, and you said no, that you had not been involved in a motor vehicle accident and that you had hit a raccoon.

The court imposed a term not to exceed five years for the OWI, third offense, conviction and a term not to exceed two years for the driving-while-barred conviction. The court then explained:

I have determined that based upon the matters presented by the State of Iowa, and further finding that the defendant has received sentences on six operating while intoxicated and three driving while license barreds, that he is not getting the message; that the message will best be served upon the defendant by directing that Counts I and II be served consecutively, which I am so ordering.

Further, the court finds that the elements of these two offenses are wholly distinguishable, as they contained elements of proof that are totally separate and distinct from each other. The defendant could easily have driven without the influence of alcohol, which he did not do in this case.

The court explained its sentencing decision at length. And it "need not explain its reasons for rejecting a particular sentence." *State v. Crooks*, 911 N.W.2d 153, 171 (Iowa 2018). "The court did not fail to consider the available options and explained why it selected the sentence it imposed. The court therefore did not abuse its discretion." *Id.*

We affirm Becker's sentences and remand for entry of a nunc pro tunc order so the sentencing order reflects that Becker is to serve consecutive terms of imprisonment. *See Hes*s, 533 N.W.2d at 529 (remanding for entry of nunc pro tunc order to correct the written judgment entry).

**AFFIRMED AND REMANDED FOR ENTRY OF A NUNC PRO TUNC ORDER.**