# IN THE COURT OF APPEALS OF IOWA

No. 21-1984
Filed March 8, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOHN DUANE ANDERSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cass County, Michael Hooper,

Judge.


        A defendant appeals following the imposition of sentence in three criminal

cases.  **AFFIRMED AND REMANDED.**


        Thomas Hurd of Law Office of Thomas Hurd PLC, Des Moines, for

appellant.

        Brenna Bird, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee.


        Considered by Bower, C.J., and Greer and Badding, JJ.

**BADDING, Judge.**

John Anderson pled guilty to three crimes in just as many separate criminal cases. A presentence investigation report was ordered and completed for use at the combined sentencing hearing. Before sentencing, Anderson filed a statement with several attachments, noting a number of "additions, corrections, and objections" to the presentence investigation report. Given these deficiencies, Anderson asked the court to give the report—which recommended "an appropriate term of incarceration"—limited weight at sentencing.

At the start of the sentencing portion of the hearing, the court noted the presentence investigation report was on file and asked the defense if it had an opportunity to review it. The defense responded that it had reviewed the report "at length" and directed the court to its statement in supplement of the report. As Anderson points out in his brief on appeal, his counsel then "spent a great deal of time correcting the presentence investigation" report. When counsel finished, the court said that it would consider the concerns raised by the defense.

Later, after the court heard the parties' sentencing recommendations, the court told defense counsel that he had provided

> quite a bit of detail that the [presentence investigation report] seemed to be lacking, and have adequately gone over those mitigating factors. And I, in some regard, think you are correct that the [report] could have been more detailed. But the [report] is just one . . . factor the Court utilizes in deciding an appropriate sentence.

Before imposing sentence,[1] the court then discussed other permissible factors, *see* Iowa Code §§ 901.5, 907.5 (2021), including some specific details from the

---

[1] The court rejected Anderson's request for suspended sentences with probation and instead sentenced him to prison.

presentence investigation report, like the risk assessment performed by the judicial district department of correctional services.

Yet the court's written sentencing orders noted both of the following: (1) "A presentence investigation report is on file and has been distributed to counsel of record," and (2) "Defendant waived use of a presentence investigation." But the orders also noted the "reasons for sentencing," as well as "the reasons for imposing consecutive or concurrent sentences," included the "[i]nformation and recommendations contained in the presentence investigation report."

Anderson now appeals, arguing "the district court violated due process and abused its discretion in waiving the use of the presentence investigation and sentencing the defendant when the defendant did not waive use of the" report.[2] Relying on the written sentencing order, Anderson submits "the court erroneously determined that [he] waived use of the" report.

In response, the State asserts that the notation in the sentencing orders about waiver of the presentence investigation report was simply a clerical error that should be corrected by a nunc pro tunc order. On our review, we agree. "[W]hen the record unambiguously reflects that a clerical error has occurred, we will direct the district court to enter a nunc pro tunc order to correct the judgment entry." *State v. Hess*, 533 N.W.2d 525, 527 (Iowa 1995). That is exactly what happened here. The transcript of the sentencing hearing and the court's statements on the record unambiguously show the waiver statement in the written sentencing orders "was merely clerical in nature." *Id.* at 529–29 ("[W]here there is a discrepancy between

---

[2] The State agrees Anderson has good cause to appeal following his guilty pleas. *See* Iowa Code § 814.6(1)(a)(3); *State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021).

the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement of sentence controls." (citation omitted)).

So we affirm the sentences imposed but remand to the district court for entry of a nunc pro tunc order correcting the clerical error that Anderson waived the use of a presentence investigation report.

**AFFIRMED AND REMANDED.**