**IN THE COURT OF APPEALS OF IOWA**

No. 24-0049
Filed March 19, 2025


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DONOVAN LEE ERICKSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Boone County, Amy M. Moore,

Judge.


        A criminal defendant appeals his convictions and sentence for

domestic-abuse-assault offenses and felon in possession of a firearm. **AFFIRMED**

**AND REMANDED WITH DIRECTIONS TO ENTER NUNC PRO TUNC ORDER.**


        Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant

Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney

General, for appellee.


        Considered by Greer, P.J., and Buller and Langholz, JJ.

**BULLER, Judge.**

Donovan Erickson appeals following his convictions for domestic-abuse-assault offenses and felon in possession of a firearm. He argues he was entitled to a necessity instruction on the firearm charge because he claimed he was moving the gun from a table where children might access it. And the parties stipulate to an error in the sentencing order. Finding no legal error in the district court's denial of the necessity instruction and that a nunc pro tunc order is appropriate to address the sentencing issue, we affirm and remand with directions to enter a nunc pro tunc order.

**Background Facts and Proceedings.** Most of the evidence adduced at trial concerns the domestic-abuse-assault convictions. But Erickson does not challenge those convictions on appeal. So we discuss only the facts relevant to the felon-in-possession charge, recognizing there was substantial record evidence Erickson strangled and otherwise violently assaulted the victim.

After law enforcement responded to the victim's 911 call, she told deputy sheriffs that Erickson said he took a 9mm pistol from her car and put it on top of the refrigerator in the house. Deputies found the gun on the top of the refrigerator.

Donovan stipulated he was prohibited from possessing firearms because he was a felon. He admitted to moving the gun and holding it in his hand, but said he did so because he was worried a child could reach it on the table (where he claimed to have found it).

After he testified, Erickson requested the jury be instructed on the necessity defense with regard to the felon-in-possession count. The district court denied the request, finding Erickson had not generated a fact question on the defense's

applicability because his testimony on the alleged danger of a child accessing the gun was "quite honestly nowhere close" to the level of "emergency imminent danger."

The jury found Erickson guilty of domestic abuse assault—third or subsequent offense, a class "D" felony in violation of Iowa Code section 708.2A(1) and (4) (2023); domestic abuse assault causing bodily injury, an aggravated misdemeanor in violation of section 708.2A(1) and (2)(b); and felon in possession of a firearm, a class "D" felony in violation of section 724.26(1), as a habitual offender in violation of section 902.8.  The district court sentenced Erickson to prison, and he appeals.

**Necessity-Defense Instruction.**  It is an open question whether necessity is a defense to possession of a firearm by a prohibited person in Iowa.  But we need not resolve the question today.  Instead, we follow the approach taken by our supreme court more than forty years ago, and "[f]or the purposes of this case" we "assume the necessity defense may be available to a felon" possessing a firearm. *State v. Walton*, 311 N.W.2d 113, 115 (Iowa 1981) (also noting the court's skepticism of a case where the defense would be viable).

We review claims on jury instructions for correction of errors at law.  *State v. Huser*, 894 N.W.2d 472, 501 (Iowa 2017).  If an affirmative defense is supported by substantial evidence, the court must instruct on it.  *See State v. Kuhse*, 937 N.W.2d 622, 628 (Iowa 2020).

Assuming without deciding the necessity defense was available, Erickson had to put forward evidence sufficient to generate a fact question that he faced an "emergency situation[] where the threatened harm is immediate and the threatened

disaster imminent." *Walton*, 311 N.W.2d at 115. And he had to offer evidence that he was "stripped of options by which he . . . might avoid both evils." *Id.* We agree with the district court that Erickson did not generate a fact question warranting the instruction. Neither Erickson nor any other witness testified that the gun on the table was in the immediate reach of any child or that a child grabbing the gun was imminent. Nor did any witness testify that Erickson lacked other options; as the State suggests on appeal, he could have stood watch over the gun until a non-prohibited adult moved it. We affirm that, even if the jury were to credit Erickson's testimony, his fear was of a generalized nature concerning a future hypothetical danger, rather than the concrete immediate harm and imminent danger required to invoke the necessity defense. If Erickson's testimony was truthful, we recognize he believed he did the right thing in moving the gun; but good intentions do not always amount to legal necessity or excuse criminal conduct. We hold the district court did not err in declining to instruct the jury on necessity.

**Sentencing.** Erickson notes a discrepancy between the aggravated-misdemeanor fine ordered by the court orally ($430) and in writing ($1025), and he requests a remand for a nunc pro tunc order to correct the error. The State concedes error, recognizing the $430 amount is correct, and agrees a nunc pro tunc order is appropriate. *See State v. Hess*, 533 N.W.2d 525, 527 (Iowa 1995). We accept the concession as supported by the law, and we remand with directions for the district court to issue a nunc pro tunc order conforming its written sentencing order to the verbal pronouncement.

**AFFIRMED AND REMANDED WITH DIRECTIONS TO ENTER NUNC PRO TUNC ORDER.**