# IN THE COURT OF APPEALS OF IOWA

No. 20-0257
Filed August 4, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KORKI RICOH WILBOURN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, John J. Haney, Judge.

Wilbourn appeals his sentence following a guilty plea and imposition of sentence that adopted the plea agreement of the parties. Wilbourn further requests a correction of the discrepancy between the district court's oral and written pronouncement of sentence. **AFFIRMED AND REMANDED**.

Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and May and Schumacher, JJ.

**SCHUMACHER, Judge.**

Korki Wilbourn appeals the sentence imposed following his guilty pleas, arguing the district court abused its discretion by failing to consider or understand its discretion to reduce his mandatory minimum sentence pursuant to Iowa Code sections 901.11(1) and 124.413(3) (2019) and asks the district court to correct a discrepancy between its oral and written pronouncement of sentence. Because judgment was entered after July 1, 2019, Wilbourn has no right to appeal his guilty plea, and because he has failed to establish "good cause" to challenge his sentences, we affirm.[1] We find the discrepancy between the oral pronouncement and the written sentencing order should be corrected through a nunc pro tunc order.

### A.    "Good Cause" – Iowa Code Section 814.6

In the 2019 legislative session, the general assembly amended Iowa Code section 814.6(1) (2019). The amendment denies a defendant the right of appeal from a guilty plea, except for a guilty plea to a class "A" felony or in a case where

---

[1] The first approximately eighty-one pages of appellant's brief concern Wilbourn's good cause arguments. The State does not contest "good cause." However, we chose to address the issue. Because the issues raised have been addressed by *Damme* and its prodigy, we do not engage in additional discussion of those issues. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (finding "good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea"); *State v. Treptow*, ___ N.W.2d ___, ___, 2021 WL 2172073, at *2 (Iowa May 28, 2021) (explaining "section 814.6 restricts only a narrow class of defendants from pursuing a direct appeal as a matter of right: those who plead guilty to non-class A offenses and cannot articulate a legally sufficient reason to pursue a direct appeal. In other words, section 814.6 prohibits those who plead guilty to non-class A offenses from pursuing frivolous appeals as a matter of right.") (quotations omitted); *State v. Tucker*, ___ N.W.2d ___, ___, 2021 WL 1822905, at *4–7 (Iowa May 7, 2021) (finding section 814.6 does not violate federal or state guarantees of equal protection of the laws and does not improperly restrict the role and jurisdiction of Iowa's appellate courts).

a defendant establishes good cause. 2019 Iowa Acts ch. 140, § 28 (codified at Iowa Code § 814.6(1)(a)(3) (2020)). The legislature also amended section 814.7, eliminating direct-appeal ineffective-assistance-of-counsel claims. *See* 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7). These amendments became effective July 1, 2019. *See* Iowa Code § 3.7(1) ("All acts . . . shall take effect on the first day of July following their passage, unless some other specified time is provided."). Our supreme court has held "that date of the *judgment* being appealed controls the applicability of the amendment to section 814.6." *Damme*, 944 N.W.2d at 103 n.1. Wilbourn entered his guilty pleas on November 27, 2019, making the amendments applicable to his appeal. *See id.* at 103 ("The amendment plainly applies to Damme's appeal because her judgment and sentence were entered on July 1, 2019."); *Cf. State v. El-Amin*, 952 N.W.2d 134, 137 n.1 (Iowa 2020) (addressing ineffective-assistance claim for alleged lack of factual basis and noting, "[b]ecause the district court entered El-Amin's judgment of conviction and sentence *before* July 1, 2019, this case is not governed by the amendments that year to Iowa Code sections 814.6 and 814.7 restricting appeals from guilty pleas and ineffective-assistance-of-counsel claims") (emphasis added); *State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019) ("We conclude the absence of retroactivity language in sections 814.6 and 814.7 means those provisions apply only prospectively and do not apply to cases pending on July 1, 2019.").

Pursuant to a plea agreement, Wilbourn entered guilty pleas to an amended charge of possession of methamphetamine with intent to deliver in violation of Iowa Code section 124.401(1)(b)(7) and 124.413, and failure to affix a drug-tax-stamp in violation of sections 453B.3, 453B.1(3)(a)(1), 453B.1(10) and 453B.12.

Possession of methamphetamine with intent to deliver is a class "B" felony and carries an indeterminate sentence not to exceed twenty-five years. Iowa Code § 902.9(1)(b). Failure to affix a drug-tax-stamp is a class "D" felony and mandates an indeterminate sentence not to exceed five years. Iowa Code § 902.9(1)(e).

In exchange for his guilty pleas, the State dismissed Wilbourn's other charges.[2] The parties agreed to jointly recommend that Wilbourn's sentences run consecutively for a total of thirty years. Additionally, because Wilbourn pled guilty, the parties agreed to recommend the mandatory minimum sentence of the possession charge be reduced by one-third pursuant to Iowa Code section 901.10(2). At the sentencing hearing on January 6, 2020, the State recited its recommendation for Wilbourn's sentence on the possession charge:

> This is a joint plea recommendation. On the B felony possession with intent to deliver, that is a 25-year term of incarceration with a mandatory minimum of one-third to be served. Due to Mr. Wilbourn's acceptance of responsibility, his guilty plea, the parties agree to recommend a reduction of that mandatory minimum by an additional one-third of that one-third.

---

[2] On September 17, 2019, the State charged Wilbourn through trial information with: two counts of attempted murder, a class "B" felony, in violation of Iowa Code sections 707.11; reckless use of a firearm, an aggravated misdemeanor, in violation of section 724.30(1); going armed with intent, a class "D" felony, in violation of section 708.8; intimidation with a dangerous weapon, a class "C" felony, in violation of section 708.6; felon in possession of a firearm, a class "D" felony, in violation of section 724.26; possession of methamphetamine with intent to deliver, a class "B" felony, in violation of sections 124.401(1)(b)(7) and 124.413, with the sentencing enhancement of being in possession of a firearm, pursuant to section 124.401(1)(e); failure to affix a drug tax stamp, a class "D" felony, in violation of sections 453B.1, 453B.3, 453B.12; assault causing bodily injury, a serious misdemeanor, in violation of sections 708.1 and 708.2(2); and driving while revoked, a serious misdemeanor, in violation of section 321J.21. Initially, at arraignment on October 4, Wilbourn entered a plea of not guilty to all the charges and demanded a speedy trial.

The court asked Wilbourn if the State had complied with the plea agreement, and Wilbourn stated:

> It has, Judge, and we would—we would ask for the same recommendation. We think it's appropriate given what's the State's—and also the family hardship issues. I believe the one-third additional reduction in under [section] 910.10 if the court wanted that.
> So—we would ask the court to follow that agreement.

In the court's oral pronouncement of sentence, the court explained its reasons for imposing sentence, stating,

> I have considered all the sentencing options that are provided for in chapters 901 and 907 of the Iowa code . . . .
> . . . . And I've considered the recommendation that's been made here. This was a jointly recommended—or a joint recommendation by the State and the defense pursuant to a negotiated plea agreement in this case.

With regards to the mandatory minimum on the possession offense, the court stated:

> I will recommend the reduction in the mandatory minimums of that sentence that has been negotiated as part of the plea agreement, which is basically a two-thirds reduction of that mandatory minimum I believe; one-third and one-third if I heard what the parties had recommended correctly.[3]

Additionally, in the court's oral pronouncement, the court sentenced Wilbourn to the minimum fine of $750, suspended, for the drug-tax-stamp offense.

---

[3] We note the court's explanation inaccurately describes the calculation of the mandatory minimum as agreed upon by the parties. One-third of the maximum indeterminate term is 8.334. $(25 * (1/3)) = 8.334$. A further reduction of this by one-third is 5.556. $[8.334 – ((1/3) * 8.334)] = 5.556$. A "two-thirds reduction" of the mandatory minimum would be 2.778. $[8.334 – ((2/3) * 8.334)] = 2.778$. However, the context of the court's statement makes clear the court was simply mistaken in its articulation, and its intention is to give effect to the terms of the parties' agreement that the mandatory minimum sentence should be calculated by reducing the maximum indeterminate sentence by one-third, and that this mandatory minimum should be further reduced by one-third pursuant to section 901.10(2).

The court issued a written sentencing order the same day. In the order, the court stated its reasons for Wilbourn's sentence, including his age, family circumstances, employment history, criminal history, the nature of the offenses committed, the underlying facts and circumstances, the need to protect the community, providing an opportunity for rehabilitation, and "the joint recommendation of the parties, and the negotiated plea agreement." Concerning the mandatory minimum sentence on the possession charge, the written sentencing order stated: "The Defendant shall serve the mandatory minimum sentence described in Iowa Code Section 124.413, reduced to the maximum extent possible described in Iowa Code Section 901.10(2)." Additionally, the written sentencing order imposed a suspended fine of $5000 on the drug-tax-stamp offense.

On January 15, the State filed a motion for an order nunc pro tunc. The motion explained that the prosecutor "was contacted by the Iowa Department of Corrections seeking clarification of the defendant's mandatory minimum sentence and reduction." The motion further stated the prosecutor spoke to defense counsel and:

> [I]t is the parties mutual understanding that . . . [the possession-with-intent charge's] sentence carries a mandatory minimum term of confinement of 1/3 the maximum indeterminate sentence prescribed by law, and that under Iowa Code 901.10(2), this mandatory term of confinement should be reduced by 1/3 considering that the Defendant entered a guilty plea in this matter.

Later that day, the district court, based on the agreement of the parties, entered an order nunc pro tunc stating:

> Under Iowa Code 124.413(1), the Defendant shall not be eligible for parole or work release until he has served a minimum term of

confinement of one-third of the maximum indeterminate sentence provided by law; however, pursuant to Iowa Code Section 901.10(2), as the Defendant has entered a guilty plea, this mandatory minimum term of confinement is reduced by one-third.

Wilbourn filed an appeal on January 31, 2020.

Because Wilbourn did not file a motion in arrest of judgment, he has waived any procedural defects in the plea proceeding. Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). Further, Wilbourn does not seek to set aside his guilty plea. With respect to his challenge to his sentences, *Damme* forecloses a finding of good cause. 944 N.W.2d at 105. In *Damme*, the supreme court held good cause exists to appeal from a conviction following a guilty plea when "the defendant challenges his or her sentence rather than the guilty plea. Damme received a discretionary sentence that was neither mandatory *nor agreed to as part of her plea bargain*, and she is appealing that sentence and asking for resentencing without challenging her guilty plea or conviction." *Id.* (emphasis added); *see also State v. Thompson*, 951 N.W.2d 1, 2 (Iowa 2020) (explaining that in *Damme*, "We held that a defendant who is not challenging her guilty plea or conviction has good cause to appeal an alleged sentencing error *when the sentence was neither mandatory nor agreed to in the plea bargain*." (emphasis added)).

"[The defendant] bears the burden of establishing good cause to pursue an appeal of [his] conviction based on a guilty plea." *State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021) (quotation omitted). In *Damme*, "[t]he district court imposed a nonmandatory sentence that was outside of the range agreed to by the parties in

the plea agreement." 944 N.W.2d at 105. Here, Wilbourn agreed to the imposition of his current sentences as part of his plea agreement.[4] For these reasons, we affirm.[5] *See State v. Riley*, No. 19-1317, 2021 WL 1662419, at *1–2 (Iowa Ct. App. April 28, 2021), further review denied (June 28, 2021).

Therefore, we do not engage in a lengthy discussion on the application of the sentencing options under Iowa Code sections 123.413(1) and 901.10(2). Wilbourn argues for a new sentencing hearing because he alleges the district court was not aware of its discretion under sections 123.413(3) and 901.11(1). However, the record is clear that the court was adopting the parties' recommendation that Wilbourn's sentence be imposed pursuant to sections 123.413(1) and 901.10(2). The court was not required to explicitly reject its

---

[4] We note a written plea agreement is not included as a part of the record. Where the sentencing court is adopting the agreed-upon terms of a plea agreement, the sentence imposed is "not the product of the exercise of trial court discretion but of the process of giving effect to the parties' agreement." *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983). For our court to find the sentencing court was acting with no discretion, the plea agreement is necessary for our review. *See State v. Thacker*, 862 N.W.2d 402, 410 (Iowa 2015). The record absent a written plea agreement shows that the sentencing court was adopting the parties' agreement, and Wilbourn does not argue he received a sentence other than that which was negotiated as part of the plea agreement. Wilbourn raises an abuse of discretion argument; however, as we find Wilbourn has not established good cause, we need not address the issue.

[5] Wilbourn asks that if we do not find good cause for his appeal that we treat his notice of appeal and brief as an application for discretionary review. A defendant may request appellate review by filing an application for discretionary review pursuant to Iowa Code section 814.6(2) and Iowa Rule of Appellate Procedure 6.106. Iowa courts have "inherent power to determine whether [they] have jurisdiction over the subject matter of the proceedings before it." *State v. Propps*, 897 N.W.2d 91, 97 (Iowa 2017). Iowa Rule of Appellate Procedure 6.108 provides, "If any case is initiated by a notice of appeal . . . and the appellate court determines another form of review was the proper one, the case shall not be dismissed, but shall proceed as though the proper form of review had been requested." We decline to exercise discretionary review in this case.

discretion under sections 123.413(3) and 901.11(1). *See State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996) (explaining a sentencing court is generally "not required to give its reasons for rejecting particular sentencing options."); *see also State v. Breeding*, No. 17-1478, 2019 WL 1940723, at *4 (Iowa Ct. App. May 21, 2019) (finding no abuse of discretion where the sentencing court failed to state reasons for not reducing a mandatory minimum sentence under section 124.413(3) because the court had no discretion as section 901.10(2), barring any reduction in sentence, controls as a specific statute applicable to defendants who plead guilty to violations of section 124.401(1)(b) involving amphetamine or methamphetamine).

### B. Drug Tax Stamp Fine

In its oral pronouncement of sentencing, the district court imposed a fine of $750 related to Wilbourn's drug-tax-stamp violation. However, the court's written order imposed a fine of $5000. When a written judgment differs from the oral pronouncement of sentence, the oral pronouncement controls. *State v. Hess,* 533 N.W.2d 525, 528 (Iowa 1995). "When the record unambiguously reflects that a clerical error has occurred, [this court] will direct the district court to enter a nunc pro tunc order to correct the judgment entry. *Id.* at 527. The State acknowledges the error and suggests the district court correct the discrepancy by issuing a nunc pro tunc order to reflect its oral pronouncement. We agree.

### C. Conclusion

As Wilbourn has failed to establish good cause following a guilty plea and the imposition of an agreed-upon sentence, we affirm. However, the discrepancy

in the fine imposed for Wilbourn's drug-tax-stamp violation should be corrected by the district court by the entry of a nunc pro tunc order.

**AFFIRMED AND REMANDED**.