# IN THE COURT OF APPEALS OF IOWA

No. 22-1658
Filed August 9, 2023

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**DENISE MARIE ALLGOOD,**
 Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Coleman McAllister, Judge.

The defendant challenges her sentences for first-degree theft and first-degree fraudulent practices. **AFFIRMED AND REMANDED FOR ENTRY OF NUNC PRO TUNC ORDER.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Ahlers, P.J., Badding, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**POTTERFIELD, Senior Judge.**

Denise Allgood pled guilty to one count of first-degree theft and one count of first-degree fraudulent practices, both class "C" felonies. She sought suspended terms of incarceration, while the State asked the court to order Allgood to serve prison time. The district court sentenced Allgood to serve up to ten years on each count and required her to serve the sentences consecutively, for a total term of imprisonment not to exceed twenty years. Allgood appeals.[1]

In her brief on appeal, Allgood concedes that the sentences imposed were neither invalid nor outside the statutory parameters. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) ("[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor . . . ."). And Allgood does not point to any inappropriate grounds considered by the court or any other defect in the sentencing procedure. *See State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015) ("To overcome the presumption [of validity], we have required an affirmative showing the sentencing court relied on improper evidence." (alteration in original) (citation omitted)); *see also State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998) ("A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure such as the trial court's consideration of impermissible factors.").

---

[1] As she is challenging her sentences, Allgood has good cause for this appeal. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").

Allgood "argu[es] for a strictly probationary sentence." But "[o]n our review, we do not decide the sentence we would have imposed." *Hopkins*, 860 N.W.2d at 554. Our job is to decide "whether the sentence imposed was unreasonable." *Id.* Allgood would have liked the district court to put more weight on her lack of criminal history, the recommendation in the presentence investigation report that she receive probation, and the letters of support she introduced from friends and family and then, ultimately, impose the suspended sentences she requested. But the district court acted within its discretion when it sentenced her to the maximum amount of time possible. *See State v. Wright*, 340 N.W.2d 590, 594 (Iowa 1983) (recognizing the right of the sentencing court "to balance the relevant factors in determining an appropriate sentence"); *see also Formaro*, 638 N.W.2d at 725 ("[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds."). We cannot say the sentences imposed were unreasonable. *See, e.g.*, *State v. Mace*, No. 20-0283, 2021 WL 210755, at *2 (Iowa Ct. App. Jan. 21, 2021) (concluding the defendant failed to prove an abuse of discretion when he wanted the reviewing court to "place more emphasis on the factors that support granting probation and less on those that suggest incarceration is the more appropriate option" and his "claim on appeal boil[ed] down to a complaint that the court did not balance the various factors in the way he wanted").

However, as Allgood argues and the State concedes, there is a discrepancy between the district court's oral pronouncement and the filed sentencing order regarding Allgood's fines and surcharges. Here, the court orally pronounced that, because it wanted to give Allgood "the maximum opportunity to pay the restitution,"

it would "suspend [the fines and surcharges] so [she] can focus [her] efforts on paying whatever the ultimate restitution amount the Court orders in this case." But the sentencing order does not indicate that the fines and surcharges were suspended. "[W]here there is a discrepancy between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement of sentence controls." *State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995) (citation omitted). Allgood asserts the proper remedy is resentencing. But "the record unambiguously demonstrates that a clerical error occurred in the court's entrance of the written judgment entry," so "the proper remedy is for the district court to correct the written judgment entry by issuing a nunc pro tunc order." *Id.* at 529.

While we affirm Allgood's sentences, we remand to the district court for the limited purpose of allowing it "to issue a nunc pro tunc order to correct the clerical error in the written judgment entry." *Id.*

**AFFIRMED AND REMANDED FOR ENTRY OF NUNC PRO TUNC ORDER.**