# IN THE COURT OF APPEALS OF IOWA

No. 23-0383
Filed December 6, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TRIVANSKY TYRIQUE SWINGTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer, Judge.

        Trivansky Swington appeals the fines imposed by the district court after he pled guilty to forgery and theft in the second-degree. **AFFIRMED.**

        John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

        Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

        Considered by Tabor, P.J., Schumacher, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**CARR, Senior Judge.**

Trivansky Swington and the State entered into a plea agreement under which Swington pled guilty to forgery, in violation of Iowa Code section 715A.2(2)(a) (2019), and second-degree theft, in violation of Iowa Code section 714.2(2), both class "D" felonies. Swington agreed to two five-year prison terms, concurrent with each other and concurrent with other state and federal charges. As part of the guilty plea, Swington agreed to pay restitution and fines of $1025 plus surcharges for each offense.

The trial court rejected the plea agreement, as the plea wrongly recited the minimum and maximum fine as higher than the amounts that applied on the date of the crimes.[1] The initial plea agreement wrongly indicated a minimum fine of $1025 and a maximum of $10,245. The plea agreement was subsequently amended to show $750 and $7500 as the correct range of fines. However, the amended plea agreement did not change the plea, agreeing to a fine of $1025. The trial court then imposed the sentence as expressed in the amended plea agreement, including the fine of $1025 for each charge. Swington appeals, claiming the trial court should have imposed a fine of $750. He argues that the fine imposed was due to a clerical error and must be remanded to enter a nunc pro tunc order.

Because Swington appeals his sentence, and is not challenging his guilty plea, he has facially established good cause to appeal. *State v. Damme*, 944

---

[1] His offenses occurred in October 2019. In 2020, the legislature raised the applicable fine from a minimum of $750 and maximum of $7500 to $1025 and $10,245, respectively. 2020 Iowa Acts ch. 1074, § 45. This change became effective July 15, 2020. *Id.* § 93.

N.W.2d 98, 105 (Iowa 2020). The State's brief concedes the existence of good cause. Good cause does not exist when the appellant received the sentence bargained for. *State v. Thompson*, 951 N.W.2d 1, 2 (Iowa 2020) (citing *Damme*, 944 N.W.2d at 105). Panels of our court have dismissed appeals from guilty pleas where the appellant got exactly what they bargained for. *See State v. Jenkins*, No. 21-1828, 2022 WL 16630805, at *3 (Iowa Ct. App. Nov. 2, 2022) (observing the defendant "got what she bargained for"); *State v. McCarroll*, No. 20-0641, 2021 WL 4592616, at *2 (Iowa Ct. App. Oct. 6, 2021) (noting the defendant agreed the "sentence imposed was the sentence agreed upon by the parties"). Swinton's complaint here is that he did *not* get what he bargained for. Although we reject his claim below, we think he has established good cause to try.

We review sentencing rulings for correction of errors at law. *Damme*, 944 N.W.2d at 103. "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "An error is clerical in nature if it is not the product of judicial reasoning and determination." *State v. Hess*, 533 N.W.2d 525, 527 (Iowa 1995) (citation omitted).

The trial court imposed the exact sentence as expressed in the written plea agreement. "It is not an abuse of discretion for the trial court to impose a sentence consistent with the parties' plea agreement without giving additional reasons for rejecting other sentencing options." *State v. Wilbourn*, 974 N.W.2d 58, 68 (Iowa 2022). Swingston essentially argues that he intended to pay the minimum fine, whatever that may be, initially believing it to be $1025, later corrected to $750.

However, the amended plea form plainly expressed his agreement to pay $1025. We would have a different case had the plea form simply recited his agreement to pay the "minimum fine." If his complaint is that the form did not square with his intention, that would amount to an attack on his guilty plea, an issue not before us, and precluded from appellate review by Iowa Code section 814.6(1)(a)(3) (2023). Nothing in the record shows an abuse of discretion by the trial court. There is no error clerical or otherwise in the court's sentence. We therefore affirm the judgment and sentence.

**AFFIRMED.**