# IN THE COURT OF APPEALS OF IOWA

No. 25-0970
Filed June 24, 2026

**State of Iowa,**
Plaintiff–Appellee,
v.
**Dustin Alan Perry,**
Defendant–Appellant.

Appeal from the Iowa District Court for Polk County,
The Honorable Ashley Stewart, Judge.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND CASE REMANDED WITH DIRECTIONS**

Christopher A. Clausen of Clausen Law Office, Ames, attorney for appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney General, attorneys for appellee.

Considered without oral argument
by Greer, P.J., and Buller and Langholz, JJ.
Opinion by Langholz, J.

1

**LANGHOLZ, Judge.**

Dustin Perry appeals his sentences for domestic-abuse assault impeding the flow of air or blood causing bodily injury—a class "D" felony—and interference with official acts causing bodily injury—a serious misdemeanor. *See* Iowa Code §§ 708.2A(5), 719.1(1)(c) (2024). He argues that the district court: (1) illegally suspended a mandatory fine on the misdemeanor; (2) imposed a written sentence inconsistent with its oral pronouncement that his prison sentences would be served concurrently; (3) considered an improper factor; and (4) abused its discretion in imposing the prison sentences rather than suspending them.

The State concedes Perry's first two claims of error. And we agree with the parties. The court lacked authority to suspend the $430 fine it fixed for the serious misdemeanor. *See* Iowa Code § 903.1(1); *State v. Phillips*, 996 N.W.2d 419, 422–23 (Iowa Ct. App. 2023). We must thus vacate the provision of the sentencing order suspending that fine. So too must the provision in the court's written sentencing order requiring Perry's five-year and one-year prison sentences to be served consecutively be corrected to reflect its oral pronouncement that the sentences would run concurrently. *See State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995) ("A rule of nearly universal application is that where there is a discrepancy between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement of sentence controls." (cleaned up)).

But Perry has not met his burden to show that the court considered an improper factor or abused its considerable sentencing discretion in imposing prison sentences rather than suspending them. We review a district court's discretionary sentencing decisions for an abuse of discretion. *See State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023). This deferential standard of

review recognizes that the court's decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). And "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725.

Even so, a "court cannot consider unproven or unprosecuted offenses in fashioning a defendant's sentence unless the defendant admits them or facts are presented to prove them." *State v. Schooley*, 13 N.W.3d 608, 616 (Iowa 2024) (cleaned up). Relying on such an improper consideration in sentencing is an abuse of discretion that requires resentencing, "even if it was merely a secondary consideration." *Id.* at 618 (cleaned up). But a defendant has the burden "to show that the court was not just merely aware of the [improper] factor, but that it relied on the factor in determining its sentence." *State v. McCollaugh*, 5 N.W.3d 620, 627 (Iowa 2024).

Perry seems to argue that the district court *may have* relied on an improper factor because the State *may have* "urged an improper sentencing factor by asking the Court to consider charges or conduct which was/were pending and not reduced to a plea or finding of guilt." Yet he concedes that even in his view, "[i]t is not clear what the State was referring to when it referenced [Perry] committing violence while being on pretrial release." Perry's argument fails twice over. First, he does not point to anything in the court's statement of sentencing reasons showing that the court relied on the factor that he alleges was improper. So even assuming that the State was referring to unproven conduct, given our presumption that a court can filter out any improper evidence and consider only proper sentencing factors, Perry has failed to meet his burden to show that the court relied on improper evidence. *See id.*; *see also State v. Sharples*, ___ N.W.3d ___, ___, 2026 WL

1500818, at *8–9 (Iowa 2026) (reasoning that appellate courts "trust that sentencing courts will filter out any improper or irrelevant material" in exercising their sentencing discretion "absent clear evidence to the contrary" (cleaned up)). And second, the record shows that the State's argument at sentencing urged the court to consider Perry's additional violent conduct while these charges were pending for which Perry had already pleaded guilty by the time of sentencing. So even if the court considered the evidence, it would not have been improper to do so because Perry had admitted to the conduct by pleading guilty in the other case.

Perry's argument that the court should have suspended his concurrent five-year and one-year prison sentences fares no better. Perry does not point to any unreasonable or untenable grounds of the court's decision. Rather, he mainly disagrees with the court's weighing of the sentencing factors, arguing that it should have given less weight to his "recurrent criminal behavior" and more weight to "his need for treatment and how substance abuse was the root of his problems." In deciding to impose the prison sentences rather than suspending them, the court explained in part:

> I am empathetic, and the Court definitely wants you to get on a path where you are no longer using drugs, if your personality is much better without it, and you are more loving towards your family and more respectful towards your family.
>
> But, Mr. Perry, it is hard for me to overlook the criminal acts that you display that got you in this situation, especially since the extensive criminal history show that you've kind of been in this situation before, at least as it relates to drugs, this isn't a new development.
>
> . . . .
>
> I'm really thinking about this, because I'm not sure if incarceration is the right way to go if drugs are the problem. But the reason I'm having a hard time here, is because the extensive criminal history, that kind of shows otherwise.

We see no abuse of discretion in this reasoning, which makes clear the court carefully weighed what it considered to be a close question. Perry's mere disagreement with the court's exercise of that sentencing judgment is insufficient to show an abuse of discretion. *See Gordon*, 998 N.W.2d at 863 ("The test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently.").

We thus vacate the district court's suspension of the mandatory $430 fine, otherwise affirm Perry's sentence, and remand for the district court to enter a corrected sentencing order imposing the fine and related fifteen-percent crime-services surcharge under Iowa Code section 911.1 and making the order consistent with the oral pronouncement of concurrent prison sentences.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND CASE REMANDED WITH DIRECTIONS.**